RAWLS, Chief Judge.
Baptist Hospital, Inc., has filed its petition for writ of certiorari seeking a review of an Order of the Director of the Division of Employment Security, Department of Commerce, which charged Baptist Hospital with the sum of $405.00 unemployment compensation erroneously disbursed by the Division to a former employee of Baptist.
The basic facts surrounding this case are that one Daniel E. Wimer voluntarily left his employment with Baptist Hospital for the purpose of pursuing what he felt was a better paying job. Wimer became employed by Leonard Brothers Trucking Company for a short time and was discharged prior to earning the minimum compensation from Leonard Brothers required in order to make him eligible to draw unemployment compensation from Leonard Brothers’ account. Wimer’s application for unemployment compensation benefits on the account of Leonard Brothers Trucking Company was erroneously approved by the Division and the sum of $405.00 was disbursed to him prior to the Division discovering its error. Upon discovery of the mistake, the Division ceased paying further unemployment compensation benefits to Wimer and then proceeded to charge Baptist Hospital with the $405.00 erroneous disbursement.
The sole point posed by Baptist Hospital is whether the Division of Employment Security, Department of Commerce, has any statutory authority to charge Baptist with .unemployment compensation payments which it erroneously paid to a claimant who was not entitled to benefits. Florida Statute 443.08(4) (a) provides:
“Any non-profit organization which, pursuant to § 443.03(7) (c)- or § 443.-09(3) (a) is, or becomes, subject to this chapter on or after January 1, 1972, shall pay contributions under the provisions of sub-section (1), unless it elects, in accordance with this paragraph, to pay to the Division for the unemployment compensation trust fund an amount equal to the amount of regular benefits and of one half of the extended benefits paid, that is attributable to service in the employ of such non-profit organization, to individuals for weeks of unemployment which began during the effective period of such election.”
The provisions of the foregoing statute specifically provide that the reimbursement employer pay benefits attributable to service in its employ and only authorizes the Division to bill the reimbursement employer for benefits attributable to service in its employ. The statute does not make any provision for a reimbursement employer paying the Division for payments which the Division erroneously or incorrectly paid. Thus, there is no statutory authority for the Division to charge a reimbursement employer with payments erroneously made.
The reasoning employed by the Director of the Division of Employment Security, Department of Commerce, in its Order holding Baptist liable for the Division’s mistake was that pursuant to Florida Statute 443.08(3) (e)l c, if Baptist did not have to pay for the mistake, then the rate of those employers who contributed regularly to the trust fund would have to be increased in order that the trust fund be kept at a level of four percent of the taxable payroll of the state. The Director felt that to increase the rate of the regularly contributing employers would be unfair. While *108 an injustice may exist in the current statutory scheme, the authority to remedy this injustice is vested in the legislature of this state, and not in the Director of the Division of Employment Security, Department of Commerce.
The subject Order entered by the Division of Employment Security, Department of Commerce, is quashed.
JOHNSON and MILLS, JJ., concur.