PER CURIAM.
The primary issue posed by petitioner is that Section 443.07(5)(b),[1] Fla.Stat., explicit *1210 ly prohibits respondent from charging petitioner for unemployment compensation benefits erroneously paid by respondent and finally reversed and disqualified by an appeals referee. Baptist Baptist Hospital, Inc. v. White[2] is decisive of the issue involved in this cause and requires reversal.
REVERSED.
BOYER, C. J., RAWLS, J., and MCDONALD, PARKER LEE, Associate Judge, concur.

. Sec. 443.07(5)(b), Fla.Stat., provides in part: “. . If a determination allowing benefits is affirmed in any amount by an appeals referee, or is so affirmed by the commission or if a decision of an appeals referee, allowing benefits is affirmed in any amount by the *1210 commission, such benefits shall be promptly paid regardless of any further appeal, and no injunction, supersedeas, stay, or other writ or process suspending the payment of such benefits shall be issued bv any court, but if such decision is finally reversed, no employer’s account shall be charged with benefits so paid pursuant to the erroneous determination and benefits shall not be paid for any subsequent weeks of unemployment involved in such reversal.” (emphasis supplied)

. Baptist Hospital, Inc. v. White, 313 So.2d 106 (1 Fla.App.1975).