SANDERLIN, JAMES B., Associate Judge.
Antonio Marcelo appeals an order of the Unemployment Appeals Commission which affirmed a decision of an appeals referee upholding an adjudicator’s determination that Marcelo voluntarily left his employment without good cause attributable to his employer.[1] We reverse because the decision of the appeals referee is not supported by competent substantial evidence.
The following facts may be gleaned from a review of the transcript of the hearing held before the appeals referee. Marcelo, a Cuban in his late forties who speaks only Spanish, was employed by Kaplan Industries, Inc., a meat packing company, beginning on April 5, 1981. He worked there as a bone trimmer at a rate of $3.55 per hour from 6:00 a.m. until 4:00 p.m. He got along fine with everybody at work, except his foreman, Bob Lindholm.
About 5:45 on the morning of Wednesday, January 5, 1983, Lindholm motioned for Marcelo to come into the boning room which was being cleaned and hosed in order to ready it for an inspection. However, Marcelo, who was described by the employer’s representative, William Lay, as “a fantastic worker,” did not respond to Lin-dholm’s order because he was ill with sinu-situs and a fever. Marcelo decided instead to wait outside the room until the task was completed. Upon seeing that Marcelo was not helping, Lindholm cursed at him and motioned for him to go to Lindholm’s office. Marcelo started shaking but understood Lindholm’s gesture and went to the office.
Several minutes later, Lindholm arrived at the office. Although there were several bilingual individuals at the plant who could interpret and speak for Marcelo, there was no one around at that moment to do so. Thus, in order to indicate to Lindholm that he was ill, Marcelo blew his nose on his handkerchief and showed the bloody phlegm to Lindholm. Lindholm, a man younger than Marcelo, responded by raising his fist and yelling at Marcelo. Marcelo became afraid that Lindholm was going to hit him. Lindholm then grabbed Marcelo and threw him against a wall. Two men *929 had to physically restrain Lindholm from a second attack, and Marcelo turned and ran out of the building. He did not return to the plant that day because, in addition to being scared, he assumed by Lindholm’s actions that he had been fired.
On Thursday, January 6, Marcelo remained at home because he was still sick and was under a doctor’s care. He did not telephone the plant to advise anyone that he was sick because he thought that he had been fired.
Marcello returned to the plant on Friday, January 7, to pick up his paycheck. Upon being asked to do so, he turned in his steel gloves and work clothes. Such a request is normally made of a worker whom Kaplan Industries, Inc. does not with to continue to employ.
We are of the view that the decision of the appeals referee that Marcelo voluntarily left his employment without good cause attributable to his employer is not supported by competent, substantial evidence. The determination of whether an employee voluntarily left his job without good cause attributable to his employer should focus on whether the circumstances behind the employee’s departure would have impelled the average, able-bodied, qualified worker to give up his employment. See Uniweld Products, Inc. v. Industrial Relations Commission, 277 So.2d 827 (Fla. 4th DCA 1973). The applicable standard is one of reasonableness as applied to the reaction of the average person, not the supersensitive. Id. The burden is on the claimant to prove that he did not voluntarily leave his job without good cause attributable to his employer. Id.
The evidence adduced below shows without contradiction that Marcelo was ill on the morning of January 5, 1983; that, when Marcelo indicated to Lindholm with his handkerchief that he was sick, Lin-dholm cursed him, threw him against the wall, and had to be physically restrained by two men from assaulting him again; and that, at the time of the altercation, no one was around who could interpret and speak for Marcelo.
Lindholm’s actions toward Marcelo were directly attributable to Kaplan Industries, Inc., because a foreman who performs duties which devolve on the employer is acting in a representative capacity for the employer. See Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 So. 680 (1909).
The record before us is devoid of competent substantial evidence to support the conclusion that Marcelo left his job without good cause attributable to the employer. If anything, the record shows unequivocally that Marcelo left the job voluntarily with good cause attributable to the employer. His reaction to Lindholm’s treatment of him in leaving the plant in a frightened state, thinking that he had been fired, was a reasonable one which an average person would have made under like circumstances.
Accordingly, we reverse the decision of the Unemployment Appeals Commission.
REVERSED.
GRIMES, A.C.J., and OTT, J„ concur.

. See § 443.101(1), Fla.Stat. (1981).