494 So.2d 268 (1986)
HOME FUEL OIL COMPANY, INCORPORATED, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Irene F. Castle, Appellees.
No. 85-2638.
District Court of Appeal of Florida, Second District.
September 10, 1986.
Baya Harrison and Robert Woolfork, Tallahassee, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
*269 DANAHY, Chief Judge.
Appellant, Home Fuel Oil Co., Inc., appeals a ruling by the Florida Unemployment Appeals Commission (UAC) affirming a decision of the appeals referee who awarded benefits to Irene Castle, a former employee of Home Fuel Oil. We reverse.
Castle had worked for appellant for about a year at one of appellant's convenience stores. Appellant acknowledged that Castle was a good employee who had worked her way up to store manager. Appellant decided to lease and transfer control of the store to R.K. Patel who agreed to take over management on June 27, 1985. On the evening before the changeover, Patel met with the current employees of the store to discuss individually their employment with him. Patel's version of his meeting with Castle differs substantially from her version. Patel claims to have offered Castle substantially the same rate of pay and hours, albeit by a weekly salary rather than the hourly rate she had been receiving. Castle claims that Patel wanted to reduce everyone's hours, including hers, and that he would not be able to afford to pay her what she had been getting. She said that he offered to pay her $75 a week under the table and "$150 on the book" and would pay her more later. Castle did not feel that she could accept the job under these circumstances. The next morning Castle came in merely to pick up the bankdrop bag for appellant in order to wind up her employment with appellant and to leave her keys and quit. Castle apparently was the only employee to decline to work under the new management.
The hearing officer found, as a matter of fact, that Castle never worked for Patel at all. Because we are obliged to accept the hearing officer's factual determinations, since they were based on competent, substantial evidence, Florida Industrial Commission v. Ciarlante, 84 So.2d 1 (Fla. 1955), our discussion and ruling will be limited to the employment relationship between Castle and appellant.
When appellant was notified of Castle's claim for unemployment compensation benefits, it objected because she had quit without notice when full-time work was available (either with appellant at another store or with Patel), and she had not shown that it was impossible for her to have continued working. Based on the conflicting evidence presented to him, the hearing officer found that Castle was discharged by her employer on June 26, 1985. The hearing officer's conclusions of law were as follows:

CONCLUSIONS OF LAW: The law provides that an individual who has been discharged for misconduct connected with the work shall be disqualified from receiving benefits. "Misconduct connected with work" means an intentional act or course of conduct by the worker in violation of his duties and obligations to the employer.
The record and evidence of this case clearly show that the claimant became unemployed when the owner sold the business at which she was working. Consideration has been given to the employer's contention that the claimant voluntarily left her employment. However, the testimony reveals that the employer sold the business and the claimant did not start to work for the new owner. As the business was sold by the owner, the claimant's separation occurred through no fault of her own. The employer, in effect, discharged all of his employees at the time he sold the business. Whether or not the employees accepted a position with the new owner is irrelevant. Therefore, it must be held that the claimant was discharged by her employer but not for misconduct connected with her work.

DECISION: The determination of the claims examiner dated July 11, 1985, is hereby reversed. It is hereby held that the claimant was discharged by her employer but not for misconduct connected with her work and, if otherwise eligible, is qualified to receive benefits on this claim. The employer's experience rating account should not be relieved of charges in connection with this claim.
In applying his findings of fact to the applicable law, section 443.101(1)(a), Florida *270 Statutes (1985),[1] the hearing officer correctly concluded that Castle's conduct could not be classified as misconduct so as to disqualify her from receiving benefits. However, the hearing officer apparently overlooked the fact that Castle had to satisfy another requirement to become qualified. The statute requires that she must not have left voluntarily without good cause attributable to [her] employer. § 443.101(1)(a), Fla. Stat. (1985). Department of Air Force v. Unemployment Appeals Commission, 486 So.2d 632 (Fla. 1st DCA 1986). If we accept the hearing officer's legal conclusion that when an employer decides to sell his interest or transfer control in a business he automatically discharges all his employees who decide not to continue their employment with the new employer, we would be adding a meaning to this statute that the legislature did not intend. The statute protects employees of only those employers who wrongfully cause their employees to "voluntarily" leave their employment. Appellant's business decision to discontinue its operation at this site cannot be considered such a wrongful act. Compare Marcelo v. Department of Labor & Employment Security, 453 So.2d 927 (Fla. 2d DCA 1984). We note in passing that had it been found that Castle left Patel's employ that day under the circumstances found here, rather than appellant's, we might not so rule. See Furlott v. Department of Labor & Employment Security, 386 So.2d 274 (Fla. 2d DCA 1980).
Because we find no actions of appellant gave employee Castle good cause to voluntarily leave her employment (within the meaning of the statute), we must reverse the UAC's decision that Castle is qualified to receive benefits chargeable to appellant.
Reversed.
SCHEB and HALL, JJ., concur.
NOTES
[1] Section 443.101(1)(a), Florida Statutes (1985), provides:

443.101 Disqualification for benefits.  An individual shall be disqualified for benefits:
(1)(a) For the week in which he has voluntarily left his employment without good cause attributable to his employer or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division.