PER CURIAM.
This is an appeal by an employer from an adverse order of the Florida Unemployment Compensation Commission affirming a decision of an appeals referee. The appeals referee determined that the employer, Robert M. Brake, was properly charged with 37% of a former employee’s unemployment compensation- claim. We reverse *976 based on the following briefly stated legal analysis.
It is undisputed on this record, that Mr. Brake’s former employee, a secretary, left his employ for a better paying job and was later laid off by her new employer. It is also undisputed that under these circumstances Mr. Brake should not have been charged for the claim of his former secretary under Section 443.131(3)(a)(l), Florida Statutes (1985). Because, however, Mr. Brake did not timely respond within ten days to a notice sent by the Division of Unemployment Compensation pursuant to Rule 38B-2.06(l)(a)(4), Florida Administrative Code, he was charged with 37% of the said employee’s claim. Mr. Brake was on vacation when the said notice was sent to him, and, accordingly, his response was filed several days late. We conclude that, notwithstanding Mr. Brake’s procedural deficiency below, the Commission committed a fundamental error in affirming the aforesaid charge to Mr. Brake’s unemployment account because, without dispute, there was utterly no statutory authority for the imposition of this charge. See City of Stuart v. McMullian, 340 So.2d 1209 (Fla. 1st DCA 1977); Baptist Hospital, Inc. v. White, 313 So.2d 106 (Fla. 1st DCA 1975); DeThorne v. Beck, 280 So.2d 448 (Fla. 4th DCA 1973).
The final administrative order under review is reversed and the cause is remanded to the Unemployment Commission with directions to reverse the appeals referee in this cause and disallow the subject charge against Mr. Brake’s unemployment account.
Reversed and remanded.