498 So.2d 992 (1986)
Jerry W. MOORE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Pursley Turf & Garden Centers, Appellees.
No. BL-356.
District Court of Appeal of Florida, First District.
December 5, 1986.
Rehearing Denied January 12, 1987.
Jerry W. Moore, pro se.
John D. Maher, Tallahassee, for appellees.
MILLS, Judge.
In this appeal from an order by the Unemployment Appeals Commission, denying *993 unemployment compensation benefits to Moore, we are asked to determine whether the finding by the Commission that Moore voluntarily left his employment with Pursley Turf & Garden Center is supported by competent substantial evidence. We find it is and affirm.
The declared public purpose of Florida's Unemployment Compensation Law is to provide financial assistance to "persons unemployed through no fault of their own." Section 443.021, Florida Statutes (1985). To effectuate this purpose the statute disqualifies workers who voluntarily leave their employment without good cause attributable to their employer. Section 443.101(1)(a), Florida Statutes (1985). In the present case, Moore was hired as a general maintenance worker with the understanding he would be off with pay on rainy days; however, two weeks after he was hired, a new operations manager changed that policy to require days missed due to rain to be made up on weekends. Moore claims this new policy gave him "good cause" to leave his employment because it took away his ability to earn anywhere from $55 to $100 through independent jobs on the weekends.
In order to constitute "good cause" for purposes of unemployment compensation, the cause must be one which would reasonably impel the average ablebodied qualified worker to give up his or her employment. Marcelo v. Department of Labor & Employment Security, 453 So.2d 927 (Fla. 2d DCA 1984); Perez v. Department of Labor & Employment Security, 377 So.2d 806 (Fla. 3d DCA 1979). Thus, the issue presented by Moore herein is whether the employer's action in changing its policy to require time lost due to rainy weather to be made up on weekends is such that the average worker would reasonably have given up the employment. No Florida cases directly deal with this narrow issue. However, considering the statutory limitation on the authority of this court to review administrative findings contained in Section 120.68(10), Florida Statutes (1985), and the fact that the agency's decision is supported by competent substantial evidence, we uphold the Commission's ruling.
It must be kept in mind that Section 443.101(1)(a) only protects workers of employers who wrongfully cause their employees to "voluntarily" leave their employment. Home Fuel Oil Company, Incorporated v. Florida Unemployment Appeals Commission, 494 So.2d 268 (Fla. 2d DCA 1986). We do not believe that the employer's action of requiring Moore to make up work days missed due to inclement weather can be viewed as such a wrongful act.
Accordingly, we affirm.
SHIVERS and JOANOS, JJ., concur.