JOANOS, Judge.
Clay Oil Corporation (Clay) appeals from a final order of the Florida Unemployment Appeals Commission (UAC) affirming a decision of the appeals referee. The appeals referee determined that the employer, Clay, was chargeable with a pro rata share of a former employee’s unemployment compensation benefit. Clay presents two questions for our consideration: (1) the propriety of the charge against Clay for a portion of the former employee’s unemployment compensation benefits, and (2) Clay’s possible entitlement to an award of attorney’s fees. We reverse.
The record reflects that Clay’s former employee presented written notice of his intention to terminate his employment with Clay Oil Corporation effective September 13, 1984, in order to take a better-paying job. The former employee was later laid off by his new employer. On December 16, 1985, the former employee filed a claim for unemployment compensation benefits.
Under the circumstances, Clay should not have been charged pursuant to the provisions of section 443.131(3)(a)l., Florida Statutes (1985),[1] for the claim of its former employee. However, the UAC maintained Clay did not respond to a notice sent to Clay within the ten day period set forth in Florida Administrative Code Rule 38B-2.06(l)(a)4.a.[2] The notice form mailed *444 to Clay contains the following declaration: “Date Mailed — 12/20/85—Last Date to Reply — 12/30/85.” The notice reflects it was signed by a representative of Clay on 12/28/85, and the envelope in which the notice was returned bears a meter date of December 29, 1985, and a postal date of January 2, 1986. On January 13, 1986, the UAC advised Clay that its notice response was not timely. Therefore, the UAC deemed Clay’s employment record chargeable for a proportionate share of any benefits paid to the former employee.
The factual situation in this case is similar to circumstances which obtained in Brake v. Florida Unemployment Appeals Commission, 496 So.2d 975 (Fla. 3d DCA 1986). In Brake, as in the instant case, the former employee left for a better paying job and was later laid off. It was undisputed in Brake, as it is in this case, that the former employer should not have been charged under section 443.131(3)(a)l., Florida Statutes (1985), since the employee left employment without good cause attributable to the employer. The employer in Brake, like Clay in this case, did not respond timely to a notice sent by the UAC. Consequently, the employer was charged with 37% of the former employee’s claim. The employer Brake was on vacation when the notice was mailed to him, thus his response was several days late. The Third District reversed, concluding that notwithstanding the procedural deficiency, there was no statutory authority for imposition of the charge. Brake, 496 So.2d 976.
It is well settled that administrative agencies have no inherent authority to promulgate rules, and must derive such authority from a statutory base. S. 120.-54(14), Fla.Stat. (1985); Grove Isle, Ltd. v. State Department of Environmental Regulation, 454 So.2d 571, 573 (Fla. 1st DCA 1984). Section 443.171(2), Florida Statutes (1985), provides statutory authority to the division “to adopt, amend, or rescind such rules as are necessary for the administration of this chapter.” The standard of review applicable to rulemaking where the empowering provision of the statute is phrased in such general terms, is that “the validity of the regulations promulgated thereunder will be sustained as long as they are reasonably related to the purpose of the enabling legislation, and are not arbitrary or capricious.” General Telephone Co. of Florida v. Florida Public Service Commission, 446 So.2d 1063, 1067 (Fla.1984); Grove Isle, Ltd. v. State Department of Environmental Regulation, supra; Agrico Chemical Co. v. State Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978), cert, denied, 376 So.2d 74 (Fla.1979); Florida Beverage Corporation, Inc. v. Wynne, 306 So.2d 200, 202 (Fla. 1st DCA 1975).
The express public purpose of Florida’s Unemployment Compensation Law “is to provide financial assistance to ‘persons unemployed through no fault of their own ’.” s. 443.021, Fla.Stat. (1985); Moore v. Florida Unemployment Appeals Commission, 498 So.2d 992, 993 (Fla. 1st DCA 1986). (emphasis supplied).
Our review of the ten-day notice requirement set forth in Florida Administrative Code Rule 38B-2.06(l)(a)4.a. leads us to conclude that the challenged rule is not consistent with the provisions of the statute. See DeThome v. Beck, 280 So.2d 448, 449 (Fla. 4th DCA 1973). We discern no reasonable relationship between the rule’s ten day notice period within which a blameless employer must respond or be charged, and the statutory goal of providing financial assistance to “persons unemployed through no fault of their own.” See generally Robinson v. Morrison, Inc. and Florida Unemployment Appeals Commission, 501 So.2d 1323 (Fla. 4th DCA 1986); Miami Dolphins, Ltd. v. Florida Department of Commerce, 252 So.2d 396 (Fla. 3d DCA 1971).
We are cognizant that in the instant matter, neither the appeals referee nor the UAC had the benefit of the Brake decision when the determination was made to charge Clay’s account with a proportionate share of unemployment compensation bene *445 fits claimed by Clay’s former employee. Nevertheless, we agree with the determination made by our sister court, and reverse the Commission’s order pursuant to Brake v. Florida Unemployment Appeals Commission, 496 So.2d 975 (Fla. 3d DCA 1986).
Furthermore, we find reversal is indicated by this court’s opinion in Colonnades, Inc. v. Florida Department of Commerce, Division of Employment Security, 357 So.2d 238 (Fla. 1st DCA 1978). In this case, as in Colonnades, no evidence was adduced to establish the date of mailing. In addition, the mailing period in this case encompassed a weekend followed by a legal holiday. In these circumstances, “[t]he fact of mailing becomes of crucial importance when a time period is commenced by mailing as distinguished from delivery or receipt, particularly when such a short period as ten days is provided.” 357 So.2d 241. (emphasis supplied). We conclude, therefore, that basic principles of fair play and due process require reversal of the UAC determination to charge Clay’s account with a pro rata share of the benefits claimed by Clay’s former employee.
The second question on this appeal concerns Clay’s possible entitlement to an award of attorney’s fees. Attorney’s fees are awardable in connection with administrative proceedings under section 120.-57(l)(b)9., Florida Statutes, which provides in relevant part:
When there is an appeal, the court in its discretion may award reasonable attorney’s fees and costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process or that the agency action which precipitated the appeal was a gross abuse of the agency’s discretion.
Although we find the agency’s conduct with regard to these proceedings was ill advised, we do not consider that it constitutes that gross abuse of discretion which would warrant an award of attorney’s fees.
Therefore, with respect to the first issue raised in this appeal, we reverse the commission order and remand with directions to remove the subject charge from Clay’s unemployment account. However, we find we must deny Clay’s petition for attorney’s fees.
Accordingly, the cause is reversed and remanded for proceedings consistent with this opinion.
SMITH and BARFIELD, JJ., concur.

. § 443.131(3)(a)l., Fla.Stat. (1985), provides in relevant part:
benefit payments will not be charged to the accounts of employers when such employers have furnished the division with such notices regarding separations of' individuals from work and the refusal of individuals to accept offers of suitable work as are required by the provisions of this chapter and the rules of the division, if one or more of the following conditions are found to be applicable:
1. When an individual has left his job without good cause attributable to his employer ...

. FAC Rule 38B-2.06(l)(a)4.a. provides in relevant part:
4. Eligibility for Noncharging. An employer shall be eligible for noncharging as provided in 3. above when he has furnished the Division with notice regarding the separation from work or refusal to accept an offer of suitable work, whichever is applicable, in the manner and within the time required, by one of the following methods:
a. The employer has within ten (10) days from the mailing date of notice of the initial determination of a valid claim, given pursuant to Subsection 2.14(1) of these rules, submitted to the Division a statement showing the date and detailed reason for the separation or the date and details with respect to the refusal of an offer of suitable employment from such employer, whichever is applicable, *444 by means of Form UCB-12, UCB-4, or other written notice signed by the employer, identifying the individual involved by name and social security account number.