570 So.2d 1106 (1990)
Lori D. RITENOUR, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 89-1788.
District Court of Appeal of Florida, Fifth District.
December 6, 1990.
Richard A. Manzo and Roy A. Praver, of Manzo & Praver, P.A., Titusville, for appellant.
John D. Maher, Tallahassee, for appellee.
HARRIS, Judge.
Lori Ritenour appeals an order of the Unemployment Appeals Commission reversing the referee's decision awarding her unemployment benefits.
The referee found that appellant was employed as a full-time bookkeeper or receptionist by Berger Roofing, Inc. from January 12, 1987 until February 28, 1989. In February 1989, appellant was informed that because the business was doing badly it would be necessary to reduce her hours *1107 which would substantially reduce her salary. The change became effective February 27, 1989.
Appellant testified that on February 27 she worked a full day. On February 28, she informed Kenneth Berger that she had applied for part-time unemployment and that he should expect the paperwork. At this time Berger slammed books on her desk and began yelling at appellant. He asked why she had filed for benefits and how could she do that to him. He then went into his office and slammed the door. Berger later returned to the outer office and asked appellant why she had not cancelled his mother's bridge game appointment. Appellant had been told to cancel the game the prior day but could not reach the other party, and then forgot. Appellant asked Berger to stop yelling; he told her he was the boss and she was to do what he said or else. When appellant began crying, Berger left the office. Appellant finished her work for the day, took her purse and radio, and left the office. Appellant's husband subsequently called Berger and, after an exchange of words, informed Berger that his wife would not be subjected to abusive comments and that she would not be back to work.
The referee determined as a conclusion of law that appellant had good cause to voluntarily leave her employment and this good cause "was attributable to the employing unit" because she was subjected to irrational if not abusive treatment. On appeal, the Unemployment Appeals Commission reversed stating that although it accepted the referee's findings of fact, these facts did not meet the legal standard for "good cause."
An appeals referee is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence. David Clark & Associates v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980); McCray v. Dept. of H.R.S., 384 So.2d 980 (Fla. 3rd DCA 1980). The question of whether a claimant left work voluntarily is a question of fact. Verner v. State Unemployment Appeals Commission, 474 So.2d 909 (Fla. 2d DCA 1985). Here there is no question the appellant left voluntarily. But the question is whether she voluntarily left for good cause.
"Good cause" for voluntarily quitting are those circumstances which would impel the average, able bodied, qualified worker to give up his employment. Moore v. Florida Unemployment Appeals Commission, 498 So.2d 992 (Fla. 1st DCA 1986); Marcelo v. Department of Labor and Employment Security, 453 So.2d 927 (Fla. 2d DCA 1984). The applicable standard of reasonableness for determining the question of good cause is a standard of reasonableness applied to the average man or woman, and not to the supersensitive. Uniweld v. Industrial Relations Commission, 277 So.2d 827 (Fla. 4th DCA 1973). While the referee found that good cause to terminate existed because of the employer's irrational or abusive conduct, there was no finding (except perhaps by inference) that this irrational, abusive conduct would cause the average, able-bodied, qualified worker to quit his or her employment.
The commission, on the other hand, did consider the effect that this irrational and abusive conduct might have on the average worker and concluded that:
With respect to the display of anger by the supervisor toward the claimant on her last day of work, the evidence in the record fails to establish that the claimant was subjected to intolerable treatment or that the supervisor's actions would have impelled the average, prudent person to voluntarily leave employment. Given the nature of the incidents testified to by the claimant and the lack of any evidence that such was a recurring event compelling the claimant to depart, it must be concluded that the claimant voluntarily left her employment without good cause attributable to the employer within the meaning of the statute. (Emphasis added).
Under the Florida Administrative Procedure Act, section 120.57(1)(b)10, Florida Statutes (1989):
The [reviewing] agency may adopt the recommended order as the final order of the agency. The agency in its final order *1108 may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
Reaching a different conclusion of law from that of the referee is within the scope of review of the commission. Microfile, Inc. v. Williams, 425 So.2d 1218 (Fla. 2d DCA 1983).
The commission in this case, basing its decision on the referee's facts, concluded that the referee's conclusion of law was erroneous. The legislature has given the commission that authority. See Microfile, Inc. v. Williams, supra.
AFFIRMED.
COBB, J., and HAMMOND, K.C., Associate Judge, concur.