599 So.2d 195 (1992)
Harriet MARGULIES, Appellant,
v.
PALLOTT & POPPELL and Florida Unemployment Appeals Commission, Appellees.
No. 91-2539.
District Court of Appeal of Florida, Third District.
May 5, 1992.
Rehearing Denied June 30, 1992.
Harriet Margulies, in pro. per.
Martin E. Pons, Miami, for appellees.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
This is an appeal by the claimant Harriet Margulies from a final order of the Unemployment Appeals Commission upholding a denial of unemployment benefits by an appeals referee. It appears from the record that the claimant was employed as the only legal secretary for a two-person law office. She left this employment one afternoon to take care of her ailing mother who had just been involved in an accident; the mother lived in town with the claimant's sister. *196 The claimant was absent from work for nearly two weeks, during which time she contacted her employer but declined to give him an approximate date when she would return to work. As a result, the employer replaced the claimant with another legal secretary. The claimant then submitted a request for unemployment compensation benefits, which request was denied.
We affirm the final order appealed from based on a holding that the claimant voluntarily quit her employment without good cause attributable to her employer, and therefore was disqualified from receiving unemployment compensation benefits under Sections 443.101(1) and 443.036(26), Florida Statutes (1989). As the appeals referee correctly concluded, the claimant gave no compelling reason why she, rather than her sister, had to take care of her ailing mother notwithstanding the fact that the mother lived with her sister; thus, no family emergency necessitating her absence from work was ever established by the claimant. Beyond that, it has been held that leaving one's employment for an indefinite period to take care of an ailing family member, as here, constitutes a voluntary termination of employment without good cause attributable to the employer, which thereby disentitles the employee to unemployment compensation benefits. Sun State Servs., Inc. v. Florida Unemployment Appeals Comm'n., 503 So.2d 373 (Fla. 1st DCA 1987). The fact that the claimant in this case did not intend to quit her employment and fully expected to return to work when she deemed it appropriate cannot change this result.
Affirmed.