CAMPBELL, Acting Chief Judge.
Claimant, formerly a car salesman for Fer-man Motor Car Company (Ferman), challenges the Unemployment Appeals Commission’s (UAC) order denying him unemployment benefits. Although the referee concluded that appellant voluntarily left work without good cause, we disagree. We conclude that when appellant left work on December 26th, explaining that he needed some time to gather himself due to his receipt of news of a close friend’s death, it was not done voluntarily.
On December 26,1993, claimant was working the 12:00 noon to 5:00 p.m. shift. At 12:40 p.m., he received a call from his mother saying that his very close Mend had died in Massachusetts the previous day, Christmas, after lapsing into a coma arising out of complications from AIDS. Upon receiving this news, claimant became extremely distraught, was crying and was unable to work. Finally, at 2:00 p.m., he decided to leave. When he told his immediate supervisor, Larry Gayson, that he was leaving due to emotional upset over the news of his friend’s death, Gayson replied that if claimant left, Gayson would consider it a “quit.” Another supervisor, John Kravits, told him the same thing. Claimant told both of them that he did not intend to quit, but just needed the rest of the day off to gather himself and regain perspective. Since claimant also had AIDS, the news of the Mend’s death was that much more upsetting. Ferman was aware of claimant’s illness since claimant had previously taken time off for medical reasons and had informed them of the reasons.
Claimant left work on the 26th, and stayed out the rest of the day. He called Gayson the following day, the 27th, in an attempt to talk to him about the previous day’s events. He was told that all sales managers were in a meeting. He believed he was being avoided. On the 28th, he called at 9:30 a.m., and went in to work at 10:00 a.m. When he arrived, he was again told that the managers were in a meeting and that he should leave and call again. He left and called at 11:00 a.m., and asked to come in to talk. Gayson told him there was no need to talk because claimant had already voluntarily quit. Claimant pleaded to be allowed to return to work, but was refused.
Claimant had had previous absences, but testified at the hearing that they were all medically approved and that he had not been warned about them. Although Gayson told the hearing officer that claimant had been warned about previous absences, when asked why claimant was terminated on December 26th, Gayson stated on the claim form that it was “due to the absence that day after being warned.”
Claimant further testified at the hearing that there were eight salesmen scheduled to work on the 26th, and that from 12:00 noon until the time he left at 2:00 p.m., there had not been any customers. In addition, when another Ferman employee had earlier received news of his brother’s death, Ferman not only gave the employee time off, it also gave other unrelated employees time off to attend the wake and funeral with the employee. No one from Ferman testified at the hearing, nor was Ferman represented by counsel at the hearing.
Given these facts, we conclude that the UAC order is not supported by competent, substantial evidence. Claimant’s leaving was not voluntary since he did not intend to quit, as evidenced by his statements to the supervisors and his repeated attempts to rectify the situation. The unemployment statute should be liberally construed in favor of the employee. Dean v. Florida Unemployment Appeals Comm’n, 598 So.2d 100 (Fla. 2d DCA), rev. denied, 605 So.2d 1268 (Fla. 1992).
We conclude that under these circumstances, the employer’s opinion that claimant voluntarily quit was not valid. He did not intend to quit and made repeated attempts to retain his employment. This was not a finding of termination for misconduct, but a finding that appellant voluntarily quit. That finding is not supported by the evidence.
Having concluded that the UAC order is in error, we reverse and remand for further proceedings consistent herewith.
PATTERSON and WHATLEY, JJ., concur.