888 So.2d 119 (2004)
Shawna G. ANDRES, Appellant,
v.
STATE OF FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Eraclides, Johns, Hall & Gelman, Eikner & Johannessen, L.L.P., Appellees.
No. 4D03-3938.
District Court of Appeal of Florida, Fourth District.
November 24, 2004.
*120 Shawna G. Andres, pro se.
Edward S. Mallow of Eraclides, Johns, Hall, Gelman, Eikner & Johannessen, L.L.P., Jacksonville, pro se.
KLEIN, J.
Appellant, an associate employed by a law firm, requested either a leave of absence or to work part-time, in order to attend to her child who had become seriously ill. When her employer would not agree, she left her employment. The appeals referee concluded that this was a family emergency constituting good cause for leaving her job and awarded benefits. The appeals commission reversed; however, we reinstate the award.
Appellant had begun her employment in December, 2002, but was forced to leave in April, 2003, when her sixteen-month-old child became seriously ill. The doctors were unable to determine whether the child had lupus or juvenile arthritis, and appellant was taking her child to at least four medical specialists each week as well as to therapy.
Appellant asked her employer if she could go to part-time employment, but the employer, after initially being receptive, ultimately decided against it. She also asked for a leave of absence, but the employer advised her she had not been working there long enough to have a leave of absence. She then left her employment in order to manage her child's treatment.
The appeals referee, who found in favor of appellant, cited Lewis v. Lakeland Health Care Center, Inc., 685 So.2d 876, 879 (Fla. 2d DCA 1996) and Dean v. Florida Unemployment Appeals Commission, 598 So.2d 100 (Fla. 2d DCA 1992), which stand for the proposition that an illness of a member of the employee's family, which amounts to a family emergency, can constitute good cause for voluntarily leaving a job under section 443.101(1)(a)1.
Even though an illness is not factually attributable to one's employer, the law permits an "illness or disability of the individual requiring separation from his [or her] work" to be a good cause for voluntarily leaving a job. See § 443.101(1)(a)(1), Fla. Stat. (1995). Courts have extended this statute to authorize a "family emergency" in the nature of an illness or disability to be good cause for leaving a job in some circumstances.
Lewis, 685 So.2d at 879.
This court recently applied the family emergency exception in Szniatkiewicz v. *121 Unemployment Appeals Commission, 864 So.2d 498 (Fla. 4th DCA 2004), in which an employee of a restaurant had, contrary to the wishes of his employer, gone to Germany for two weeks to attend to his father who had suffered a heart attack.
The appeals commission reversed the award of unemployment benefits, citing section 443.101(1)(a)1, Florida Statutes (2003) which defines good cause for quitting as "only such cause as is attributable to the employing unit or which consists of illness or disability of the individual requiring separation from his or her work." Because appellant did not leave work due to her own illness or disability, the commission concluded she was not entitled to benefits.
We conclude that the appeals referee correctly applied the family emergency exception to the facts and that appellant is accordingly entitled to unemployment compensation benefits. The order of the commission is accordingly reversed.
FARMER, C.J., and STONE, J., concur.