900 So.2d 721 (2005)
Libby M. ABASCAL, Appellant,
v.
SOUTH DADE REHAB ASSOCIATES LP and Florida Unemployment Appeals Commission, Appellees.
No. 3D04-1445.
District Court of Appeal of Florida, Third District.
April 27, 2005.
*722 Libby Abascal, in proper person.
John D. Maher, Tallahassee, for appellee, Commission.
Before GREEN, WELLS, and SUAREZ, JJ.
WELLS, Judge.
Libby M. Abascal appeals from a decision of the Unemployment Compensation Appeals Commission disqualifying her from receiving unemployment compensation benefits. Because Abascal voluntarily left her employment without good cause, we affirm.
Prior to her resignation, Ms. Abascal was employed by a physical rehabilitation center as a medical coder. In December 2003, Abascal received her annual evaluation. That evaluation stated that Abascal had met overall expectations but that she needed to improve in a number of areas. Consequently, Abascal was placed on a 90-day performance improvement plan and advised that if her performance did not improve within that time, she would be subject to discharge. Rather than risk discharge and loss of accrued leave time (which under company rules was forfeited upon termination), Abascal resigned and subsequently sought to obtain unemployment compensation benefits. Both the unemployment compensation referee and the UAC rejected her claim. We affirm.
The declared public purpose of the unemployment compensation law is to provide economic assistance to those unemployed through no fault of their own. § 443.031, Fla. Stat. (2003). The statute therefore generally disqualifies those who voluntarily leave their employment. See § 443.101(1)(a), Fla. Stat. (2003). While the act does excuse from disqualification those employees who leave their jobs for good cause attributable to their employers, we agree with the Commission that Abascal's decision to quit her job rather than face possible loss of accrued leave at some time in the future on as of yet unrealized circumstances does not come within that exception. See, e.g., Home Fuel Oil Co., Inc. v. Florida Unemployment Appeals Comm'n, 494 So.2d 268, 270 (Fla. 2d DCA 1986) (rejecting the argument that an employer's change in ownership provided claimant with good cause to quit, stating that the "statute protects employees of only those employers who wrongfully cause their employees to `voluntarily' leave their employment"); Uniweld Prods., Inc. v. Indus. Relations Comm'n, 277 So.2d 827, 829 (Fla. 4th DCA 1973) ("[t]o voluntarily leave employment for good cause, the cause must be one which would reasonably impel the average able-bodied qualified worker to give up his or her employment"); see also Frogge v. Davenport, 906 S.W.2d 920, 924 (Tenn.App.1995) (individual's "voluntary decision to quit [which] was motivated only by speculation that he would lose his job and his accumulated benefits" was not good cause to leave his employment).
We therefore affirm.