920 So.2d 139 (2006)
Jaclyn M. TITTSWORTH, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and HCA Advertising, Inc., Appellees.
No. 4D04-3888.
District Court of Appeal of Florida, Fourth District.
February 1, 2006.
*140 Jaclyn M. Tittsworth, Boynton Beach, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.

ON MOTION FOR REHEARING
KLEIN, J.
We grant the UAC's motion for rehearing, withdraw our opinion of November 23, 2005, and replace it with this opinion.
Appellant, after being employed for eight days, left her employment to go to Colombia to care for a sick member of her family. There was no evidence that she asked the employer if she could do so and still retain her job. The appeals referee found that she voluntarily left her employment without good cause attributable to her employer, and the UAC affirmed the decision. We affirm, but address an argument raised by the UAC in its motion for rehearing.
In our original opinion we reversed for the award of benefits, and the UAC, in its motion for rehearing, argues that two decisions of this court, Szniatkiewicz v. Unemployment Appeals Commission, 864 So.2d 498 (Fla. 4th DCA 2004) and Andres v. Unemployment Appeals Commission, 888 So.2d 119 (Fla. 4th DCA 2004), incorrectly authorized benefits where an employee is unable to work because of a family emergency. The UAC argues that an employee who leaves his or her employment in order to take care of an ill family member, without permission from the employer, is, as a matter of law, not entitled to benefits. We disagree.
The term "family emergency exception" is not statutory, a point the UAC makes, but it has developed from cases. Lewis v. Lakeland Health Care Ctr., 685 So.2d 876, 877 (Fla. 2d DCA 1996). Where an employee needs time off because of the illness of a family member, the issue is whether the employee voluntarily left the job without good cause attributable to the employer, section 443.101(1)(a), Florida Statutes (2004), and "should focus on whether the circumstances behind the employee's departure would have impelled the average, able-minded, qualified worker to give up his employment." Dean v. Unemployment Appeals Comm'n, 598 So.2d 100, 101 (Fla. 2d DCA 1992); Lewis; Szniatkiewicz; Andres.
In Szniatkiewicz and Andres the employee asked for time off to care for an ill family member, was refused, and did not show up for work, resulting in the loss of the job. In each of those cases, the appeals referee found that the employee was entitled to benefits, and we affirmed. We *141 do not agree with the UAC that the employees in Szniatkiewicz and Andres were, as a matter of law, not entitled to benefits.
In Lewis, the court held that, where the employee was unable to come to work because of the illness of her son, the employer had the initial burden to establish that she voluntarily left, and that once the employer met that burden, she had to prove that she left for good cause attributable to the employer. 685 So.2d at 878. Applying Lewis here, we find that the employer met its initial burden. And, because there is no evidence in the record that the appellant left for good cause attributable to the employer, the denial of benefits, and the order requiring repayment of benefits received, must be affirmed.
POLEN and SHAHOOD, JJ., concur.