SHAHOOD, J.
Appellant, Susan Márchese, appeals an order of the Unemployment Appeals Commission,. finding she was not eligible for *124 unemployment compensation benefits after she voluntarily quit her job. The Commission affirmed the decision of the appeals referee. We affirm.
In this case the nanny who cared for appellant’s seven-month-old child quit, thus resulting in appellant’s requesting, but being denied, a leave of absence. We hold that this did not constitute a “family emergency” under the facts of this case. Appellant voluntarily left work without good cause attributable to her employer and therefore is not entitled to unemployment benefits.
Appellant argues that she chose not to return to work because a family emergency existed. “The term ‘family emergency exception’ is not statutory, a point the UAC makes, but it has developed from cases.” Tittsworth v. Unemployment Appeals Comm’n, 920 So.2d 139, 140 (Fla. 4th DCA 2006). Appellate courts have held that a family emergency exists when an employee needs to take time off from work to care for an ill family member or because a death occurred. See Andres v. Unemployment Appeals Comm’n, 888 So.2d 119 (Fla. 4th DCA 2004) (holding that a former employee is entitled to benefits after leaving work to care for her ill child).
In contrast to those situations, an overwhelming majority of cases have held that leaving work for reasons not related to a medical illness or death does not constitute a family emergency. See King v. Fla. Unemployment Appeals Comm’n, 763 So.2d 1151, 1154 (Fla. 4th DCA 2000) (holding that employee’s traveling overseas for a wedding did not amount to a family emergency); Margulies v. Pallott & Poppell, 599 So.2d 195 (Fla. 3d DCA 1992) (affirming denial of benefits where employee missed almost two weeks to care for a family member and the referee determined there was no “family emergency”); City of Riviera Beach v. Fla. Dep’t of Commerce, Div. of Employment Sec., 372 So.2d 1007 (Fla. 4th DCA 1979) (holding that an employee was guilty of misconduct by not reporting to work after adopting a child); Beard v. State Dep’t of Commerce, 369 So.2d 382, 385 (Fla. 2d DCA 1979) (stating “[a] mother’s unwillingness to leave her children in the care of others at night is certainly good cause for her to resign but it is not good cause which can be attributed to her employer”).
Accordingly, we hold, based on the record before us, that the decision of the appeals referee and the order of the commission were supported by competent, substantial evidence and were in compliance with the essential requirements of law. See Ayers v. Unemployment Appeals Comm’n, 848 So.2d 1239, 1240 (Fla. 4th DCA 2003).

Affirmed.

STONE and TAYLOR, JJ., concur.