PER CURIAM.
Defendant appeals his conviction and sentence for direct criminal contempt which the court imposed after the defendant responded with an alias when the sentencing judge asked him his name. We reverse.
Defendant’s legal name is James David Smith, yet he goes by a number of aliases including the name “David Jones”. It was under this latter name that he was charged with attempted burglary, and it was this name that he signed on the first appearance form and plea agreement.
The court ordered a presentence investigation (“PSI”) on defendant. Defendant gave the state agent charged with completing the PSI his “true name” which was entered in the space provided for “True Name.” His aliases — “David Jones”, “David James Smith”, and “Derrick Smith” — were listed on the line provided for “Alias/Niekname.” Having defendant’s true name and his aliases allowed the state to compile a record reflecting defendant’s prior convictions entered under any of those names. When defendant appeared for sentencing for the instant charges, the sentencing judge had the completed PSI in hand.
At the start of the hearing, the clerk called up defendant’s case by announcing: “Case 94-757, David Jones.” Defendant came out of the holding cell and stood before the judge. The judge inquired: “Your name, sir?” The defendant responded with the name that corresponded to the style of the case, his alias, “David Jones.”
The clerk then swore in the defendant and the judge further inquired:
Sir, I have a presentence investigation here that lists on the face of this that your true name is James David Smith. I am about to ask you once again your true name, if you give me an incorrect name I’m going to ask the State Attorney’s Office to file perjury charges on you. Sir, what is your true legal name? (emphasis supplied).
In response to the judge’s inquiry as to his “true name”, defendant answered: “James *1282 David Smith sir.” In other words, defendant responded honestly; he gave his true name and not one of his aliases.
The judge asked defense counsel if there was any reason why his client should not be held in direct criminal contempt for misrepresenting his identity. Defense counsel explained that defendant was merely responding to the name under which he had been arrested and called up by the clerk. In addition, counsel told the eourt that defendant had given his true name to the probation officer at the time of the presentenee investigation. The state attorney did not dispute either contention.
The judge turned next to defendant and asked him if there was any reason he should not be held in contempt of court for misrepresenting himself and creating a situation which would have frustrated the court’s ability to create appropriate official records. Defendant offered no reason. The dialogue turned back to defense counsel who pleaded for the court’s leniency and reiterated his explanation as to why defendant had given his alias at the start of the hearing. In spite of this explanation, the judge held defendant in direct criminal contempt for misrepresenting Ms identity to the eourt.
In the written order finding defendant in direct criminal contempt, the judge explained that his reason for asking the defendant his “name” at the beginning of the hearing was “to be certain that the person present for sentencing was the Defendant charged in the case.” The judge also noted that at that time, he was in possession of a PSI wMch reflected the person’s “true name.” He acknowledged that upon further inquiry under oath, defendant admitted his “true name.”
Although we are mindful of the judge’s legitimate concern that false and erroneous court records would have been created had the eourt entered a conviction under the wrong name, we cannot agree with Ms conclusion that the defendant intentionally misrepresented Ms identity.
When the judge first asked defendant his “name” he did so to be certain that the person standing before him was, indeed, the person charged in the case. Because the court records showed that the person charged in the case was named “David Jones”, by answering that Ms name was “David Jones,” defendant’s response could do notMng other than assure the judge that the proper party was before Mm. Any perceived intent to mislead was negated when defendant gave an appropriate response to the judge’s inquiry as to his “true name”. We might easily reach a contrary result had the defendant not revealed Ms true name on the PSI or had he continued to represent himself to the court under an alias when further pressed for his “true name”.
In addition, as demonstrated by the above underscored language, when the judge announced that he was holding defendant in contempt, he was operating under the assumption that he had already asked the defendant Ms “true name.” TMs is not so; earlier, he had merely asked him his “name.” The trial judge’s written contempt order uses the terms “name” and “true name” to mean different tilings, and the state’s standard PSI form apparently does so as well by asking for a defendant’s “True Name”, and not just his “name”.
Accordingly, we reverse the conviction and sentence for direct criminal contempt.
GUNTHER, C.J., and GLICKSTEIN, J., concur.
FARMER, J., dissents with opimon.