GRIFFIN, Chief Judge.
Carmen Sanchez appeals an order adjudicating her guilty of direct criminal contempt. Because the record shows that she did not commit the act that is the basis for the order of contempt, we reverse.
Sanchez was prosecuted and convicted under the alias Carman Roman in case no. CR96-10495. “Roman” pled guilty to one count of possession of cocaine with intent to sell or deliver and was sentenced to serve 48 days in the county jail, to be followed by two years probation. As a condition of probation, “Roman” was to be released directly to the Sanford Bridge drug program and was to complete their program.
On November 14, “Roman” was charged with violating her probation by absconding from the Sanford Bridge program after only one day and by changing her residence without the consent of her probation officer. She was rearrested on December 26, 1996 for possession of cocaine, but was taken into custody under the name of Carmen Ortiz. “Ortiz” was charged in case number 96-15745 with possession of cocaine, possession of cannabis and two additional charges.
The judge handling the violation of probation was aware that “Roman” and “Ortiz” were the same person by January 23, 1997, when it set “Roman’s” violation of probation case for hearing. Thereafter, “Roman” moved to have her violation of probation case *1109 transferred to the same division in which “Ortiz’s” possession offense was pending, noting that the two cases involved the same defendant and that the two cases involved related felonies with related defenses. The violation ease was thereafter reassigned to Judge Conrad.
The defendant attended a plea hearing in the consolidated cases on March 26, 1997. At the outset of the hearing, the public defender announced that the defendant’s true name was “Carman Ortiz” and that the name “Roman” was an alias. Defense counsel attempted to have “Ortiz” plead guilty to both charges. However, upon presentation of the plea, the court stated:
Let me explain to you why I’m sitting here looking like I’m doing nothing. I’m extremely concerned at this point how Miss Ortiz completed a division ten case in front of Judge Cohen under the name of Car-man Roman.
I’m looking through here to see whether she signed anything under oath or anything like that. And I’m sure you can understand what my concern is that how she went through an entire case with a name that’s not her true name, right?
The court called “Ortiz” to the stand and had her sworn, whereupon the following exchange
took place in which “Ortiz” admitted that her true name was Carmen Sanchez:
THE COURT: What’s your true name?
THE DEFENDANT: Carman Sanchez.
THE COURT: It’s not Ortiz and it’s not Roman? Well, as far as I’m concerned, this needs to be investigated by the state attorney. I mean, this is ridiculous.
This person has either lied, actually or implicitly in one ease, has embarrassed her attorney just today with a name and now has another name. I’m accepting nothing from this person. Go back to jail as far as I’m concerned until we work through this.
STATE ATTORNEY: Your Honor, could we get the spelling of what she says is her real name today?
THE COURT: Yeah. Well, I’m not sure we can believe her, but let me advise you that if you lie to me, you’re going to get six months in a New York minute. So I’m going to ask you under oath, what is your true name?
THE DEFENDANT: Carman Sanchez.
THE COURT: Spell your last name.
THE DEFENDANT: S-A-N-C-H-E-Z.
The court continued to ask Sanchez a few questions, but broke questioning off when Sanchez told him her date of birth was August 19, 1955. The session concluded with the following exchange:
THE COURT: That’s it. I’m accepting nothing.
THE DEFENDANT: That’s my date of birth.
THE COURT: Yeah, well, you just go back and relax. I really want the state to take a look at this seriously. I mean, this is—
THE STATE: Yes, sir.
THE COURT: This is just an abomination as far as I’m concerned. So I don’t care what you do. Back to jail or whatever. I don’t tolerate this. Mr. Garmany [defense counsel], I don’t apologize to you. To me, it would be, it’s an embarrassment for you.
DEFENSE COUNSEL: Miss Sanchez has mentioned it’s her name. I thought it was her married name. Ortiz is that name that she has—
THE COURT: I highly recommend that she come up with a real good explanation about how she got through a division ten case entering a plea under oath and signing a plea form under oath using a false name. So she better come up with something really good that is going to absolutely just dazzle me. And these plea forms are signed Carman Ortiz, incidentally, for today.
Another hearing was convened on May 15, 1997. At this hearing, defense counsel represented to the court that the defendant’s true name was “Carmen Ethel Sanchez.” After entering a plea, the public defender stated that the state attorney had run Sanchez’s fingerprints and found that they matched the names that Sanchez had provided. The court then swore Sanchez, amended the information in case no. 96-15745 to re- *1110 fleet her true name, and accepted a no contest plea to charges of possession of cocaine and possession of cannabis. Sanchez was sentenced to time served on the cannabis charge. However, she received twenty-two months in the department of corrections on the cocaine charge, as well as twenty-two months on the original offense for violating her probation, to run concurrently.
During the hearing, the court addressed at some length Sanchez’s prior use of aliases, during the following exchange with Sanchez in which Sanchez erroneously admits that she had told the court under oath at the prior hearing that her name was Ortiz:
THE COURT: Okay. Carmen Roman, rather. You had — back on October 15 of 1996, you had signed a plea form using the name of Carmen Roman, proceeded through a plea and sentencing with Judge Alice Blackwell White using that name, correct?
MR. GARMANY: I believe it was Judge Cohen.
THE COURT: Whatever. The short version is that obviously you lied to either Judge in this case — it would be Judge Cohen — about your name?
THE DEFENDANT: Yes, sir.
THE COURT: Am I missing something here?
THE DEFENDANT: No, sir.
THE COURT: Okay. But it gets better. When you finally reached me, you told me that your name was Carmen Ortiz and you told me that under oath on March 26 of 1997; did you not?
THE DEFENDANT: I believe so.
THE COURT: Well, let’s assume for a moment that you are not totally clear on the date. Do you recall me placing you under oath and do you recall me asking you on this violation of probation what your true name was?
THE DEFENDANT: Yes, sir.
THE COURT: And do you recall telling me that your name was Carmen Ortiz?
THE DEFENDANT: Yes, sir.
THE COURT: Ma‘am, I’m sorry? I can’t hear you.
THE DEFENDANT: Yes, sir.
THE COURT: And at the time you told me that your name was Carmen Ortiz, you knew that that was not your true name, didn’t you?
THE DEFENDANT: Yes, sir.
THE COURT: And you lied to me, didn’t you?
THE DEFENDANT: Yes, sir.
THE COURT: And you lied to me under oath, didn’t you?
THE DEFENDANT: Yes, sir.
THE COURT: Well, that’s very bad new for you, Ms. Sanchez, because, you see, I require only two or three things when I come in and do my job here. No one is going to shock me about what crimes either they have been accused of or, in fact, admit to, but I ask only of one thing from the people who come before me, that includes attorneys, and that is that you be truthful with me, and you weren’t.
So what I’m going to do is to hold you in direct criminal contempt of court for lying to me on the 26th day of March, 1997, by telling me under oath that your name was Carmen Ortiz when you admittedly knew that that was not your name.
The court then offered Sanchez the opportunity to offer an explanation for her conduct on March 26, 1997. Sanchez did not correct the court’s earlier misimpression that she had lied under oath at the March 26 hearing, but simply called the court’s attention to a letter she had written him on March 3, stating:
Your Honor, I had wrote you on March 4, I believe it was, explaining that I had aliases and this was the alias. When you asked me that in open court, I have used aliases for a number of years and never had no repercussions.
Defense counsel then attempted to correct the court’s misimpression, noting that Sanchez had told the court her true name under oath, but that he mistakenly had conceded that Sanchez had lied at least one time under oath at the March 26 hearing during the following exchange:
DEFENSE COUNSEL: When this first came up in March, when Ms. Sanchez was *1111 trying to change her (plea, the court began thumbing through the Roman file and noted the same things that it has placed again on the record here, that Ms. Sanchez went through that case with — as Carmen Roman all the way through. All documents are signed as Carmen Roman. She was sentenced, I believe, placed on probation—
THE COURT: You are telling me something that I already know.
DEFENSE COUNSEL: I know it. But the court asked her then under oath the second time what her name was. I believe she was sitting in that chair on the deck right there on the edge—
THE COURT: What is your point?
DEFENSE COUNSEL: — And she told you that her name was Carmen Sanchez at that time, and that’s when the court asked the probation officer to find out who she is.
THE COURT: No. She told me originally her name was Carmen Ortiz.
DEFENSE COUNSEL: That, she did.
THE COURT: And she lied. That’s where I’m at right now.
DEFENSE COUNSEL: That’s true. But when the court caught her, she did make an effort to correct it. When the court asked her again under oath, she did say that her name was Carmen Sanchez....
The court ultimately rejected defense’s counsel argument, concluding:
The fact of the matter is — and I don’t remove myself from my original position and that is, A, I placed this lady under oath. B, I asked her under oath what her true and correct name was; and she told me that her name was Carmen Ortiz. Based upon that, I then moved and, in fact, did amend the information on March 26, 1997, to reflect that name she gave me under oath.
Then subsequently, later on down the road, because I’m such — I guess I’m such a pessimist, I started questioning all of this.
The court found Sanchez in direct criminal contempt for lying to the court when placed under oath on March 26, and made the following findings:
THIS JUDGMENT AND SENTENCE is entered pursuant to Fla.R.Cr.P. 3.830 governing direct criminal contempt. On March 26, 1997, the Defendant, CARMAN ROMAN aka Carmen Ortiz, appeared before the undersigned judge for the purpose of entering a plea to the charge of Violation of Probation in case number CR96-10495. The Defendant was placed under oath and asked to please state her true and correct name. She responded, Carmen Ortiz. Subsequently, it was determined that possibly her true name might be Carmen Sanchez. An investigation followed at which time it was determined the above-named Defendant had numerous (emphasis mine) alias [sic]. In fact, the defendant has lied in several cases to the assigned Judge with respect to her true identity.
On Thursday, May 15, 1997, the Defendant, CARMAN ROMAN aka Carmen Ortiz, appeared before the undersigned and after being placed under oath stated that her true name was Carmen Sanchez. Ms. Sanchez admitted that she had lied on March 26, 1997 to the undersigned Judge with respect to her true name.
The Defendant, CARMAN ROMAN aka Carmen Ortiz aka Carmen Sanchez, was advised in the presence of his [sic] legal counsel, William Garmany, that the court intended to hold her in direct criminal contempt.
Sanchez was sentenced to six months in the county jail, to be served consecutive to the twenty-two months she received on the cocaine charge and the VOP.
Sanchez correctly contends that her conviction must be reversed because the record shows that she responded truthfully to the questions posed by the trial court on March 26. At the hearing on March 26, the court called “Ortiz” to the stand after noticing discrepancies between the name under which she had been arrested and was attempting to plead guilty (“Ortiz”) and the name on an earlier conviction (“Roman”). After “Ortiz” was sworn, “Ortiz” immediately admitted that her true name was Carmen Sanchez.
This exchange plainly shows that “Ortiz” responded truthfully to the court’s question *1112 concerning her true name. It also shows that Sanchez and her attorney were mistaken when they admitted on May 15 that Sanchez had lied under oath at the March 26 hearing. The record of the March 26 hearing also shows that Sanchez had informed her attorney prior to the hearing of her true name and that the' attorney had mistakenly assumed that Sanchez was her “married” name. Thus, Sanchez does not appear to be responsible for the representation made by her attorney at the beginning of the hearing that her name was “Ortiz.”
While perjury will support a conviction for direct criminal contempt, Roberts v. State, 515 So.2d 434 (Fla. 5th DCA 1987), here the record fails to support the determination that Sanchez perjured herself in the presence of the trial court at the March 26 hearing. This requires reversal of her conviction. See Jones v. State, 659 So.2d 1281 (Fla. 4th DCA 1995).
REVERSED.
DAUKSCH, J., concurs.
W. SHARP, J., concurs and concurs specially, with opinion.