ANSTEAD, Chief Judge.
We reverse the decision on review holding that the appellant is not entitled to unemployment benefits because she was allegedly discharged for misconduct. Florida courts have repeatedly held that the unapproved temporary absence of an employee for the purpose of responding to a legitimate family emergency does not constitute willful and wanton disregard for the employer’s interest such as to justify denial to the employee of unemployment compensation. See, e.g., Lamb v. Unemployment Appeals Commission, 424 So.2d 197 (Fla. 5th DCA 1983); Hartenstein v. Florida Department of Labor and Employment Security, 383 So.2d 759 (Fla. 2d DCA 1980); Tucker v. Florida Department of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979); Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961). Our review of the record reflects no dispute as to the existence of the family emergency and the appellant’s reasonable efforts to respond thereto, and at the same time keep her employer advised and to promptly return to her employment.[1]
The decision of the Commission is hereby reversed with directions that an order be entered granting appellant’s claim for benefits.
DOWNEY and HURLEY, JJ„ concur.

. As an aside we also note that we initially received a comprehensive brief from the appellant’s former employer which in our view completely and adequately addressed the issues and arguments raised by the appellant. Subsequently, however, we also received an extensive brief from the Unemployment Appeals Commission, the same quasi-judicial body that has passed on the merits of appellant’s claim and appeal. While we realize the interest of the Commission in seeing that its policies and decisions are adequately explained to this court, and the necessity and helpfulness of the Commission’s participation in an appeal, especially when an opposing brief would not otherwise be filed by an interested party such as the former employer, we question the economy and propriety of the advocacy of the Commission in instances such as the case at hand.