455 So.2d 569 (1984)
Janet H. CAMPBELL, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Unemployment Appeals Commission and Tallahassee Community Hospital, Appellees.
No. AV-190.
District Court of Appeal of Florida, First District.
August 28, 1984.
Marc E. Taps, Tallahassee, for appellant.
William T. Moore and Geri Atkinson-Hazelton, Unemployment Appeals Com'n, Tallahassee, for appellees.
*570 ERVIN, Chief Judge.
Appellant Campbell was discharged from employment as a hospital ward secretary for being absent from work without notice to her employer on two consecutive days (fail days) in violation of employer's personnel rules. A claims examiner determined that Campbell was disqualified from entitlement to unemployment benefits by reason of Section 443.101(1)(a), Florida Statutes (1983), which provides that "[a]n individual shall be disqualified for benefits: ... [when] he has been discharged by his employing unit for misconduct connected with his work ..." (e.s.). "Misconduct" is defined at Section 443.036(24), Florida Statutes (1983), as follows:
MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil designs or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
At hearing before an appeals referee, Campbell testified that she was absent from work to be with her daughter, hospitalized in another state following a serious car accident, and that she had relied upon her husband to notify the employer that she had been called away. The appeals referee found that Campbell's distress over her daughter's condition and her good faith reliance upon her husband to contact the employer excused her fail days. Accordingly he concluded that Campbell was not guilty of misconduct disqualifying her for benefits. The Unemployment Appeals Commission (the Commission), while purporting to accept the referee's findings of fact, nonetheless found that Campbell had been discharged for misconduct and reversed the award of benefits. We, in turn, reject the findings of the Commission and reverse.
This court addressed the standard for review of an agency's substitution of its own findings for those of a hearing officer in McDonald v. Department of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977):
In determining whether substantial evidence supports the agency's substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight.

* * * * * *
At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer's findings in determining the substantiality of evidence supporting the agency's substituted findings.
* * * * * *
Thus, the substantiality of evidence supporting an agency's substituted finding of fact depends on a number of variables: how susceptible is the factual issue to resolution by credible witnesses and other evidence, how substantially the hearing officer's discarded findings are supported by such evidence, how far the factual issue tends to be one of opinion, how completely agency policy occupies a field otherwise open to different opinion.

(e.s.)
In the present case the factual issues surrounding the order include the issues of whether the employee was under the duress of a family emergency at the time of *571 the fail days and whether there was good faith reliance upon another person to notify the employer of absences, so as to prevent the employee's conduct from amounting to misconduct justifying disqualification for benefits. The judicial gloss placed on the statutory definition of misconduct excludes fail days under circumstances such as those on review. Tucker v. Florida Department of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979); Fredericks v. Florida Department of Commerce, Industrial Relations Commission, 323 So.2d 286 (Fla. 2d DCA 1975); Williams v. Florida Industrial Commission, 135 So.2d 435 (Fla. 3d DCA 1961). As these factual issues are susceptible to ordinary methods of proof, the Commission can claim no special expertise regarding such issues, and there is competent substantial evidence to support the findings of the referee that Campbell's fail days occurred while she was under the duress of a family emergency and that she in good faith relied upon her husband to contact the employer. The Commission's substituted findings are therefore rejected; the order appealed from is reversed and this cause is remanded with directions that the order of the appeals referee be reinstated.
BOOTH and WENTWORTH, JJ., concur.