543 So.2d 328 (1989)
Arthur G. LADSON, Jr., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Metropolitan Dade County, Appellees.
No. 88-1044.
District Court of Appeal of Florida, Third District.
May 9, 1989.
*329 Peeples, Earl & Blank and Thomas T. Ankersen and Dennis M. Stotts, Miami, for appellant.
Robert A. Ginsburg, County Atty., and Carol A. Anderson, Asst. County Atty., for appellees.
Before SCHWARTZ, C.J., and HUBBART, J., and EDWARD T. BARFIELD, Associate Judge.
EDWARD T. BARFIELD, Associate Judge.
Arthur G. Ladson, Jr. was terminated from his employment with the Dade County Community Action Agency after which he was denied unemployment compensation benefits on the ground that he was discharged for misconduct connected with his work. The facts certainly justify appellant's termination from employment as he was clearly a constant source of irritation to his supervisor, but the issue is whether the basis for termination reached the level of misconduct intended by section 443.036(25), Florida Statutes (1987). On May 18, 1987, the supervisor sent appellant a letter warning him if he did not report to work by Friday, May 22, termination proceedings would be initiated. He was at work on May 22 but was nevertheless fired that same day for his past conduct.
The equivocation of the employer in determining whether termination was appropriate as evidenced by the warning letter of May 18, demonstrates that even it did not consider that the previous absences had reached that level of misconduct sufficient to deny unemployment compensation benefits. The Commission therefore erred inconcluding otherwise to the contrary of Dade County's own position. The order of the Unemployment Appeals Commission is therefore reversed.
HUBBART, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
While I agree with the result, and do not disagree with the ground cited by the majority, I would prefer to rest the decision to reverse upon a more expansive reason. In my view, no matter how the employer regarded the situation, Ladson's alleged unexcused temporary absences were caused by his reaction to his son's terminal illness. As a matter of law this was a "family emergency" which is not disqualifying "misconduct" under section 443.036(25), Florida Statutes (1987). See Howlett v. South Broward Hosp. Tax Dist., 451 So.2d 976 (Fla. 4th DCA 1984); Baeza v. Pan American/National Airlines, Inc., 392 So.2d 920 (Fla. 3d DCA 1980); Hartenstein v. Florida Dep't of Labor & Employment Sec., 383 So.2d 759 (Fla. 2d DCA 1980); Tucker v. Florida Dep't of Commerce, 366 So.2d 845 (Fla. 1st DCA 1979); Williams v. Florida Indust. Comm'n, 135 So.2d 435 (Fla. 3d DCA 1961).