598 So.2d 100 (1992)
Diane Negron DEAN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Scannavino, Inc., Appellees.
No. 91-03072.
District Court of Appeal of Florida, Second District.
March 25, 1992.
Rehearing Denied May 13, 1992.
Angela Hoogeveen, John P. Cunningham and John E. Dubrule of Gulfcoast Legal Services, Inc., Clearwater, for appellant.
John D. Maher, Unemployment Appeals Com'n, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
FRANK, Acting Chief Judge.
We reverse the Unemployment Appeals Commission's affirmance of the referee's decision to disqualify Diane Dean from receiving unemployment compensation benefits. Dean requested a temporary leave of absence from employment with Scannavino when she learned that her son had chicken pox. A pediatrician instructed Dean to keep the child out of school for a period. Dean notified her employer of her son's condition and promised to return to work as soon as alternative day care arrangements could be made. One week later, when Dean still had not reported for work, the employer called to inform Dean that "unless she could be in ... the following day, ... she didn't have to bother coming back [to work]." Dean was not able, despite diligent efforts, to arrange supervision for her son. She therefore did not return to work the following day as ordered. When she reported to her job the succeeding day, however, she was discharged.
Florida's Unemployment Compensation Law mandates that when an employee *101 voluntarily leaves employment "without good cause attributable to his employing unit," he is not eligible to receive financial assistance through the state unemployment reserves. § 443.101(1)(a), Fla. Stat. (1989). "Good cause," as used in section 443.101(1)(a), comprises not only conduct attributable to an employer, but also an employee's "illness or disability." Although Dean herself was not ill or disabled, she departed temporarily under circumstances known by her employer to constitute a "family emergency." See Langley v. Unemployment Appeals Commission, 444 So.2d 518 (Fla. 1st DCA 1984); see also, Ladson v. Florida Unemployment Appeals Commission, 543 So.2d 328 (Fla. 3d DCA 1989) (Schwartz, C.J., specially concurring). As Dean has aptly noted, the Unemployment Compensation Law should be liberally construed in order to achieve its declared purpose of providing relief to persons not employed through no fault of their own. §§ 443.021, 443.031, Fla. Stat. (1989); Gulf County School Bd. v. Washington, 567 So.2d 420 (Fla. 1990). The employer maintains that Dean voluntarily abandoned her employment when she failed to return on the prescribed date. We do not agree. The determination of whether an employee voluntarily leaves a job without good cause attributable to an employer should focus on whether the circumstances behind the employee's departure would have impelled the average, able-minded, qualified worker to give up his employment. Marcelo v. Dept. of Labor and Employment Security, 453 So.2d 927, 929 (Fla. 2d DCA 1984). We conclude that Dean's circumstances would have impelled a reasonable person to act as she did. Dean should have received the unemployment benefits claimed.
Accordingly, we reverse the decision of the Commission and remand this matter to it for further proceedings consistent with this opinion.
THREADGILL and PATTERSON, JJ., concur.