608 So.2d 572 (1992)
Willie C. WILLIAMS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION And Nelson & Company, Appellees.
No. 91-2531.
District Court of Appeal of Florida, Fifth District.
November 20, 1992.
Treena A. Kaye, Central Florida Legal Services, Inc., Sanford, for appellant.
John D. Maher, Unemployment Appeals Com'n, Tallahassee, for appellee Unemployment Appeals Com'n.
No Appearance for appellee Nelson & Co.
W. SHARP, Judge.
Williams appeals from an order of the Unemployment Appeals Commission denying him unemployment benefits. He argues the Commission should not have reversed (or redetermined) the appeals referee's finding that he was not guilty of misconduct and that he was entitled to unemployment benefits. We agree.
Williams was hired as a truck driver in 1980 and was discharged from his employment in February, 1991, after he refused to work on a Saturday. Williams' father was ill and Williams was the only family member available to take his father to the doctor or hospital on a Saturday. The appeals referee found that Williams was responding to a legitimate family emergency and that his refusal to work on Saturday did not rise to the level of misconduct which precludes unemployment benefits.[1]
While the Unemployment Appeals Commission has the authority to reverse the findings and conclusions of the appeals referee, pursuant to section 443.151(4)(c), Florida Statutes (1991), the Commission may only do so where there is no substantial, competent evidence to support the referee's findings.[2] Here the evidence supports the appeals referee's decision that Williams' refusal to work Saturday did not amount to misconduct.
Evidence was presented that Williams' employer knew Williams' father was ill and had excused Williams from work on a previous Saturday to attend to him. There was no evidence that Williams had been warned that a refusal to work on another Saturday would result in termination. The employer admitted that Williams was a good worker and Williams had been working for the company for over ten years. Williams had worked other Saturdays and *573 this was apparently the first and only time he had refused to work on a Saturday over his employer's objection. When Williams was asked to work on Saturday, he could have reasonably believed that it was necessary for him to be available on that date to drive his father for treatment, should the need arise, even though no doctor or hospital appointment had actually been scheduled.
Given this testimony and the referee's determinations in Williams' favor, this type of temporary absence or refusal to work because of a legitimate family emergency does not constitute misconduct. It was therefore erroneous for the Commission to (in effect) redetermine factual issues found by the referee, based on competent, substantial evidence. See Ladson v. Florida Unemployment Appeals Commission, 543 So.2d 328 (Fla. 3d DCA 1989); Campbell v. Department of Labor and Employment Security, 455 So.2d 569 (Fla. 1st DCA 1984); Howlett v. South Broward Hospital Tax District, 451 So.2d 976 (Fla. 4th DCA 1984); Hartenstein v. Florida Department of Labor, 383 So.2d 759 (Fla. 2d DCA 1980). Accordingly, we reverse the order of the Unemployment Appeals Commission, and remand the cause with instructions to reinstate the appeals referee's decision.
REVERSED and REMANDED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] See §§ 443.101(1)(a), 443.036(26), Fla. Stat. (1991).
[2] Kan v. P.G. Cook Associates, 566 So.2d 932 (Fla. 3d DCA 1990); Lewis v. Unemployment Appeals Commission, 498 So.2d 608 (Fla. 5th DCA 1986); Lake County Sheriff's Department v. Unemployment Appeals Commission, 478 So.2d 880 (Fla. 5th DCA 1985); Verner v. State, Unemployment Appeals Commission, 474 So.2d 909 (Fla. 2d DCA 1985); Forkey and Kirsch, P.A. v. Unemployment Appeals Commission, 407 So.2d 319 (Fla. 4th DCA 1981); David Clark and Associates v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980).