724 So.2d 636 (1999)
Annamaria EULO, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEAL COMMISSION and Entel Wolstein Weiss Partnership, Florida Community Cancer & IMA, Appellees.
No. 98-00928
District Court of Appeal of Florida, Second District.
January 6, 1999.
*637 Marcus A. Castillo of Haas & Castillo, P.A., Clearwater, for Appellant.
John D. Maher, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
PER CURIAM.
The appellant, Annamaria Eulo, contends the Unemployment Appeals Commission (UAC) erred in reversing an appeals referee's decision to award her unemployment compensation benefits. We agree and reverse.
The appeals referee found that Eulo began working for the employer herein as a medical transcriptionist in 1992. She worked for three years without incident until, in 1995, she was assigned to a new supervisor, who continually harassed and verbally abused her. In September 1997, she resigned her employment because she could not tolerate the abuse any longer. Since Eulo resigned only because of the continuing harassment and verbal abusea situation she attempted to rectifythe referee concluded that Eulo voluntarily left her employment for good cause attributable to her employer and was thus entitled to benefits under section 443.101(1)(a)1., Florida Statutes (1997). The UAC reversed the referee's decision concluding that, though Eulo had complained of the supervisor's behavior, she elected not to pursue her complaint, and she failed to either establish that the employer violated the terms of her employment, or that her physical condition required her to leave her job.
While the UAC must accept a referee's factual findings if they are supported by substantial, competent record evidence, it may reject the referee's legal conclusions based on that evidence. See Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106 (Fla. 5th DCA 1990). The UAC may not, however, modify the facts to reach a different legal conclusion. See Berry v. Scotty's, Inc., 711 So.2d 575, 577 (Fla. 2d DCA 1998). Nor may the UAC rely on facts that were not established at the hearing. See Georgia v. Florida Unemployment Appeals Comm'n, 647 So.2d 279, 282 (Fla. 2d DCA 1994). It further cannot rely on a theory not advanced by one party or anticipated by the other. See Berry, 711 So.2d at 577. A legal conclusion of the UAC may therefore be overturned if it is clearly erroneous. See Brooks v. Unemployment Appeals Comm'n, 695 So.2d 879 (Fla. 5th DCA 1997). In the instant case, the UAC relied on inferences it *638 improperly drew from facts taken out of context. It also improperly relied on facts that were not established at the hearing before the appeals referee. The UAC's order also improperly based disqualification on Eulo's failure to establish facts that were unnecessary to support a finding of eligibility in this instance.
The record establishes that Eulo was subjected to constant harassment and verbal abuse from her supervisor for nearly two years, and that such conduct, which had become unbearable, was the sole reason for her resignation. The record also establishes that the employer was well aware of the problem, but took no action to resolve it. In 1996, Eulo submitted a very lengthy, detailed letter to the employer's human resources department, describing many instances of her supervisor's abusiveness. In response, Eulo was instructed to hold off on her grievance, it being suggested that, perhaps, the supervisor was having a bad day. Eulo complied, but thereafter, in response to periodic inquiries from the human resources department, informed the employer that the supervisor's misconduct was continuing. Despite that fact, there was no change in the situation. There is no evidence that Eulo ever indicated she was abandoning her complaint, or that she ever specifically elected not to pursue it. At the hearing, the employer did not in any way dispute the supervisor's longstanding and continuing abusiveness or its awareness of the problem. Nor did the employer make any attempt to argue or otherwise assert the existence of any mitigating factors or other reasons for Eulo's departureor any failures, improprieties, or wrongdoing by Eulo. Instead, it chose to participate at the hearing only to the limited extent of verifying the dates of Eulo's employment and resignation.
Good cause for leaving employment turns on whether the circumstances in a given case "would have impelled the average, able-minded, qualified worker to give up his employment." Lewis v. Lakeland Health Care Center, Inc., 685 So.2d 876, 879 (Fla. 2d DCA 1996); see also Platt v. Unemployment Appeals Comm'n, 618 So.2d 340, 341 (Fla. 2d DCA 1993). An employee is not required to accept undue verbal abuse from an employer. See Gollet Enterprises East, Inc. v. Florida Unemployment Appeals Comm'n, 630 So.2d 1166 (Fla. 4th DCA 1993); see also Grossman v. Jewish Community Center, 704 So.2d 714 (Fla. 4th DCA 1998)(verbally abusive supervisors created intolerable work environment). Enduring verbal abuse thus constitutes good cause for leaving employment. See Dempsey v. Old Dominion Freight Lines, 645 So.2d 538 (Fla. 3d DCA 1994). Since Eulo was subjected to the verbal abusiveness of her supervisor for an extended period of time and the employer failed to correct the problem, the appeals referee properly determined that Eulo voluntarily left her employment for good cause attributable to her employer. The UAC order, reversing the referee's decision to award her benefits, is therefore clearly erroneous.
Reversed.
THREADGILL, A.C.J., and CASANUEVA, J., and QUINCE, PEGGY A., Associate Judge, Concur.