COPE, J.
dissenting.
The referee denied the employee unemployment compensation benefits, on the theory that his departure from work without proper permission constituted disqualifying “misconduct” as defined in subsection 448.036(26), Florida Statutes (1997).
The disqualification order is not in accordance with established law, and should be reversed. There is no evidence that, after the employee’s previous unauthorized absence, he was warned that a further absence would subject him to discharge. This court has said, “There are a number of cases favorable to claimants in their quest to seek unemployment compensation benefits where they have been discharged on the basis of excessive absenteeism.” Barragan v. Williams Island, 568 So.2d 106, 107 (Fla. 3d DCA 1990). Where, as here, there has been no warning to the employee that additional absenteeism would subject him to discharge, and there are no other aggravating circumstances, the absenteeism alone does not constitute statutory “misconduct” which will disqualify the employee for unemployment benefits. See id.; see also Ladson v. Florida Unemployment Appeals Commission, 543 So.2d 328, 329 (Fla. 3d DCA 1989); Washington v. Burdines, 422 So.2d 932 (Fla. 3d DCA 1982).
The order refusing unemployment benefits should be reversed.