864 So.2d 498 (2004)
Szyja SZNIATKIEWICZ, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Herco Holding Corporation, Appellees.
No. 4D03-62.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
*500 Szyja Szniatkiewicz, Fort Lauderdale, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.
SHAHOOD, J.
We reverse the Unemployment Appeals Commission's (UAC) decision to disqualify appellant from receiving unemployment compensation benefits and remand with directions to have his benefits reinstated.
On July 21, 2002, a claims adjudicator determined that appellant quit his job at Gibbys Steaks and Seafood Restaurant to provide care for a family member and that the reason for quitting was not attributable to the employer, thereby disqualifying him from receiving benefits. Appellant appealed that determination and a hearing was held before an appeals referee. At the hearing, appellant was the only witness who testified.
The appeals referee made the following findings of fact:
The claimant began working for the employer in March 2001, as a waiter, and remained in that position until April 11, 2002, when he quit the job. The claimant received information from his family that his father had suffered a massive heart attack, and was in intensive care in Germany. The claimant informed his employer that his father was in the hospital, and he needed approximately two weeks to go to Germany. The claimant's manager told the claimant that if he left he had no job when he returned. The claimant was one of the employer's longest servers, as many workers quit during the claimant's employment. The claimant left the job and went to Germany. Upon the claimant's return from Germany, he did not return to the employer, as he believed he had been discharged.
The appeals referee then made the following conclusions of law:
In the instant case, the evidence presented indicates that the claimant was separated from the job when the employer failed to allow him time off to visit with his sick father in Germany. The employer witness at the hearing provided no competent testimony, as he was not present, during the claimant's conversation with the manager that denied his time off. The employer witness was informed that the claimant did not report to work, and the reason for the claimant's failure to report was unknown. This notion is rejected as the evidence indicates that the claimant was one of the employer's longest servers, and the employer's testimony was based on hearsay....
The employer witness provided no direct testimony at the hearing. The evidence presented shows that the claimant did not quit his job, but was advised that he would not have a job if he left. The claimant was separated from the job when he decided to respond to a legitimate family emergency. The evidence presented shows the claimant had no intentions of quitting the job.
....
In the instant case, the employer has not met the burden of proof in showing misconduct. The court has previously held that, an unapproved temporary absence of an employee, with proper notice to the employer, for the purpose of responding to a legitimate family emergency does not constitute misconduct *501 connected with work. Howlett v. South Broward Hospital Tax District, 451 So.2d [976] (Fla. 4th DCA 1984).
In this case, the employer did not approve the temporary absence of the claimant for purposes of responding to a legitimate family emergency. Consequently, it is held that the claimant was separated for reasons other than misconduct connected with the work.
The employer appealed to the UAC arguing that appellant voluntarily quit his employment with no reason given and was never heard from again. The employer disputed the appeals referee's findings of fact, and requested that its rebuttal witness be allowed to testify at a new hearing. This request was denied because the UAC's review is limited to those matters which were presented to the referee and are contained in the official record.
The UAC adopted the appeal's referee's findings, but rejected his conclusions of law and substituted the following:
Based upon the above findings, the referee held that the claimant was discharged for reasons other than misconduct connected with work. Upon review of the record and the arguments on appeal, the Commission concludes that the referee's decision is not in accord with the law; accordingly it is reversed.
The claimant was separated from his employment after he requested two weeks off to go to Germany because his father had a heart attack. The referee held that the claimant was discharged when he was advised that he would not have a job if he left and that the discharge was for reasons other than misconduct because the claimant was responding to a legitimate family emergency. The record, however, reflects that the claimant initiated the separation when he chose to leave work.
To voluntarily leave employment for good cause, the cause must be one which would reasonably impel the average able-bodied qualified worker to give up his or her employment....
The applicable standards are the standards of reasonableness as applied to the average man or woman, and not to the supersensitive.

Uniweld Products, Inc. v. Industrial Relations Commission, 277 So.2d 827, 829 (Fla. 4th DCA 1973).
While it is clear that the claimant was responding to a family emergency, the claimant did not take reasonable steps to preserve his employment prior to leaving. The claimant admitted that he did not fill out a leave request form and that he did not speak with anyone above the shift manager regarding his request for time off. The claimant also admitted that he had filled out five previous request forms for time off and that all of them had been granted.
The claimant also did not attempt to salvage his employment by speaking to the employer when he returned from Germany. Although the claimant might have been upset because of his father's condition, he should have made additional efforts to preserve his employment. Because the claimant failed to do so, the Commission concludes that he voluntarily left work without good cause attributable to the employer within the meaning of the law.
An appeal referee's findings are to be accorded a presumption of correctness. See Berthe v. George G., 698 So.2d 1386 (Fla. 2d DCA 1997). The UAC's standard of review of the appeals referee's decision is whether the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were *502 based complied with the essential requirements of the law. See Maynard v. Florida Unemployment Appeals Comm'n, 609 So.2d 143, 144-45 (Fla. 4th DCA 1992). The basis for this is that the hearing officer or appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence. See San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93, 95 (Fla. 4th DCA 1998). The UAC cannot reweigh the evidence and substitute its findings for those of the referee. See Grossman v. Jewish Community Ctr. of Greater Fort Lauderdale, Inc., 704 So.2d 714, 716 (Fla. 4th DCA 1998). In reviewing whether the record contains competent, substantial evidence to support the appeals referee's findings, the District Court of Appeal cannot make determinations as to credibility or substitute its judgment for that of the referee. See San Roman, 711 So.2d at 95. Thus, the appeals referee's decision must be upheld where there is competent substantial evidence to support it. See id.
While an agency may reject conclusions of law without limitation, neither the administrative agency nor the reviewing court may reject the administrative hearing officer's findings of fact, as long as those findings are supported by competent, substantial evidence in the record. See Maynard, 609 So.2d at 145. The UAC may not modify the facts to reach a different legal conclusion nor may the UAC rely on facts that were not established at the hearing or rely on a theory not advanced by one party or anticipated by the other. See Eulo v. Florida Unemployment Appeal Comm'n, 724 So.2d 636, 638 (Fla. 2d DCA 1999). A legal conclusion of the UAC may therefore be overturned if it is clearly erroneous. See id. In reviewing a substituted conclusion by the UAC, this court must assure that the correct rules of law were applied. See Grossman, 704 So.2d at 716.
In this case, the appeals referee concluded that the claimant was separated from the job when the employer failed to allow him time off to visit his sick father in Germany. The evidence presented shows that the claimant did not quit his job, but was advised that he would not have a job if he left. Accordingly, the appeals referee concluded that appellant was separated from the job when he decided to respond to a legitimate family emergency. The evidence presented shows the claimant had no intention of quitting the job and that responding to a legitimate family emergency did not constitute misconduct connected with work.
While the UAC acknowledges that appellant did have a valid personal reason for traveling to Germany to see his father, it nevertheless concluded that such reason did not constitute good cause for leaving his employment. In so holding, the UAC ignored the "family emergency exception."
Cases hold that even though an illness is not factually attributable to one's employer, the law permits an "illness or disability of the individual requiring separation from his [or her] work" to be a good cause for voluntarily leaving a job. See Lewis v. Lakeland Health Care Ctr., Inc., 685 So.2d 876, 879 (Fla. 2d DCA 1996); § 443.101(1)(a)(1), Fla. Stat. (2002). Courts have extended this statute to authorize a "family emergency" in the nature of an illness or disability to be good cause for leaving a job in some circumstances. See, e.g., Lewis, 685 So.2d at 876 (claimant was fired when she failed to return to work as scheduled because she had to care for her son who had a stroke, and could not arrange alternative care); see also Foote v. Unemployment Appeals Comm'n, 659 So.2d 1232 (Fla. 5th DCA 1995)(claimant's three-day absence from work when he cared for his wife and children following wife's emergency surgery did not constitute *503 misconduct); Gadsden v. Florida Unemployment Appeals Comm'n, 616 So.2d 1196 (Fla. 2d DCA 1993)(claimant left her position with good cause to care for her father who had brain tumor); Dean v. Florida Unemployment Appeals Comm'n, 598 So.2d 100 (Fla. 2d DCA), review denied, 605 So.2d 1268 (Fla.1992)(claimant who was unable to arrange supervision for her child with chicken pox left for good cause); Howlett v. South Broward Hosp. Tax Dist., 451 So.2d 976 (Fla. 4th DCA 1984)(Florida courts have repeatedly held that the unapproved temporary absence of an employee for the purpose of responding to a legitimate family emergency does not constitute willful and wanton disregard for the employer's interest such as to justify denial to the employee of unemployment compensation). Compare Hall v. Fla. Unemployment Appeals Comm'n, 697 So.2d 541 (Fla. 1st DCA 1997) (claimant who resigned from her job and left the state to protect herself and her children from an abusive husband left her employment voluntarily; leaving to avoid a family member is different from leaving work to care for an ill or disabled family member, thereby declining to carve out further extension to the family-emergency exception to statutory definition of good cause).
In this case, the evidence was uncontroverted that appellant clearly had a valid reason to leave his employment and to travel overseas to tend to his ailing father. We accordingly reverse and remand with directions to the UAC to reinstate appellant's unemployment compensation benefits.
REVERSED AND REMANDED.
STEVENSON, J., and GEIGER, DWIGHT L., Associate Judge, concur.