SHAHOOD, J.
Appellee, Unemployment Appeals Commission (UAC), entered an order finding that the employer’s appeal from the initial determination was timely filed. We reverse and direct that appellant’s benefits be reinstated.
*209 In July 2001, appellant filed a claim for unemployment benefits on the ground that he voluntarily left his employment with Ironees Company (employer) because it wanted him to permanently move to Philadelphia and was going through a difficult financial period. On August 22, 2001, the claims adjudicator erroneously determined that appellant quit his employment with good cause because the employer relocated and the distance to the new job site was excessive, thereby entitling appellant to benefits. In a letter dated August 29, 2001, employer notified the claims adjudicator that the company was not relocating and stated that the good cause finding was not “condoned by us since your office never advised us of the alleged claims.”
As such, the claims adjudicator corrected the error and issued an Amended “Re-determination” on September 11, 2001, finding that “[t]he claimant quit when the employer requested he relocate to another state. The law does not provide claimant’s disqualification in this instance.” Again, the claims adjudicator determined that appellant had good cause for leaving his employment and was entitled to benefits. Prior to the receipt of the September 11 Amended Redetermination, the employer sent a second letter to the claims adjudicator on September 12, 2001, stating that appellant fabricated his claim that the company was relocating and that the company had no intention of relocating. This letter was received by the unemployment compensation office on September 17, 2001.
The September 11, 2001 Amended Rede-termination stated that the employer had twenty days from the date of mailing to file an appeal. Employer responded in a letter dated October 3, 2001 requesting a redetermination of the claim. The envelope was postmarked October 4, 2001 and received by the unemployment compensation office on October 9, 2001.
On November 2, 2001, a hearing was held before an appeals referee solely on the issue of whether the employer timely filed an appeal to the September 11, 2001 Amended Redetermination. At the time of the hearing, the appeals referee had in her possession the September 11, 2001 Amended Redetermination, the employer’s letter dated October 3, 2001, and an envelope postmarked October 4, 2001. At the hearing, the employer stated that it received the September 11, 2001 Amended Redetermination within three days. When asked why appeal was not filed prior to October 3, the employer stated: “I had no reason to get involved in an appeal process at that particular point. I thought this thing was still up for discussion and being negotiable and subject to correction.” On November 2, 2001, the appeals referee dismissed the appeal for lack of jurisdiction. The appeals referee held that because the employer’s appeal had not been timely filed within the twenty-day statutory period, she was without jurisdiction to hear the merits of the case.
On that same date, employer stated in a letter that it had not received the Amended Redetermination until September 20, 2001 and that it had until October 10, 2001 to file an appeal, and did so on October 9, 2001. Thus, employer timely appealed the appeals referee’s decision dismissing the appeal.
The UAC reversed the dismissal and held:
An adverse examiner’s determination was mailed to the employer on August 22, 2001. By letter dated August 29, 2001, which was received by the agency on September 1, 2001, the employer timely protested the determination. An amended adverse determination was subsequently mailed to the employer on *210 September 11, 2001. By letter received on September 17, 2001, a second timely protest was filed. The employer then wrote a third letter which was received on October 9, 2001. The third letter was accepted as an appeal and the case was then set for hearing.
At the hearing, the referee found that the employer’s appeal was untimely filed. It appears from the record that the referee was unaware of the existence of the previous letters of protest. The employer’s appeal was timely filed.
Appellant appealed the UAC order, but the appeal was dismissed by order dated February 15, 2002. Following remand, a hearing was held on the merits. Consequently, the appeals referee determined that the claimant left his employment without good cause based on an employment agreement in which the employer had the right to require appellant to permanently relocate to Pennsylvania.
Following an appeal, the UAC rejected the finding that the employer had the right under the agreement to require that appellant relocate. Notwithstanding this rejection, the UAC affirmed the appeals referee’s conclusion that appellant left his employment without good cause.
It is well-settled that the UAC may not modify the findings of fact made by the appeals referee to reach a different conclusion nor may it rely on facts that were not established at the hearing or rely on a theory not advanced by one party or anticipated by another. See Szniatkiewicz v. Unemployment Appeals Comm’n, 864 So.2d 498, 502 (Fla. 4th DCA 2004). A legal conclusion of the UAC may therefore be overturned if it is clearly erroneous. See id.
We hold that the employer’s September 12, 2001 letter was insufficient to serve as a notice of appeal in order to preserve its right to appeal the Amended Redetermination. Under section 443.151(3)(a), Florida Statutes (2001), determinations on unemployment compensation claims shall become final:
[Ujnless within 20 days after the mailing of such notices to the parties’ last known addresses, or in the absence of such mailing, within 20 days after the delivery of such notice, appeal or written request for reconsideration is filed by the claimant or other party entitled to such notice.
Further, Florida Administrative Code Rule 60BB-5.033 (formerly Rule 38E-5.03), provides in relevant part:
(1) Any legible written notice filed in accordance with these rules which expresses disagreement with or otherwise indicates a desire to appeal a determination or redetermination shall constitute an appeal.
Under the above statute and rule, the September 12, 2001 letter did not constitute a notice of appeal of the Amended Redetermination where the letter addressed only matters concerning the initial determination. Because the claims adjudicator corrected the erroneous finding and issued the September 11, 2001 Amended Redetermination, no appeal was pending at the time the Amended Redetermination was issued. Thus, the employer was required to submit a new timely appeal to the Amended Redetermination, which it did not do.
In addition, since no appeal was pending involving the initial determination, we reject the UAC’s argument that the employer was entitled to avail itself of the protections triggered under section 443.151(3)(c)2., Florida Statutes (2001).[1]
*211 Accordingly, we direct that appellant’s benefits be reinstated based on the claim’s adjudicator’s initial determination and vacate the appeals referee’s subsequent determination on the merits.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER and GROSS, JJ., concur.

. "In the event that an appeal involving an original determination is pending as of the *211 date a redetermination thereof is issued, such appeal unless withdrawn shall be treated as an appeal from such redetermination.” § 443.151(3)(c)2„ Fla. Stat. (2001).