PER CURIAM.
 

 Victoria L. Jones appeals from a decision of the Unemployment Appeals Commission (“Commission”) affirming an appeals referee’s order deeming her ineligible for unemployment compensation because of work-related misconduct. She argues that the facts in her case do not constitute misconduct. We disagree and affirm.
 

 Ms. Jones worked for a cruise line as a reservations sales agent. On December 2, 2008, she requested two weeks unpaid leave beginning December 14, 2008. Despite receiving an e-mail message on December 10, 2008, denying her request, Ms. Jones did not report for work on the 14th, 15th, 16th, or 17th. When contacted by her supervisor on the 17th, Ms. Jones stated she would not be returning to work until the 31st and declined to give a reason for being absent. She was discharged that day for taking an unapproved leave of absence. The appeals referee concluded that Ms. Jones was discharged by her employer for misconduct, reasoning that “[ijt was shown that the claimant was denied the [requested] leave” and that “[t]the claimant knew, or should have known, that taking the leave of absence could lead to dismissal.” The referee further found that “[t]he claimant’s actions demonstrate a violation of a standard of behavior the employer had a right to expect, and show an intentional disregard of the claimant’s duties and obligations to the employer.” The Commission upheld the referee’s order.
 

 Under section 443.101(l)(a), Florida Statutes (2008), a person is disqualified from receiving unemployment benefits when “he or she ... has been discharged by his or her employing unit for misconduct connected with his or her work.” Section 443.036(29), Florida Statutes (2008), defines “misconduct” as follows:
 

 “Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
 

 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
 

 Ms. Jones failed to show up to work for several days knowing that her request for time off had been denied. She refused to return when contacted by her employer and refused to give a reason for her absence. Even when testifying before the appeals referee, Ms. Jones would not explain her absence, saying only that she needed to be away from work “for personal reasons.” With no evidence in the record justifying Ms. Jones’s absence from work, we discern no error in the determination that her employment was terminated for work-related misconduct.
 
 Cf. Szniatkiewicz v. Unemployment Appeals Comm’n,
 
 864 So.2d 498, 503 (Fla. 4th DCA 2004) (no misconduct where employee who
 
 *810
 
 was denied time off left job to care for ailing father in another country).
 

 AFFIRMED.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.