PER CURIAM.
Appellant, Fior A. Ramirez, appeals an order of appellee, the Reemployment Assistance Appeals Commission, denying her claim for reemployment compensation benefits. We reverse and remand, concluding that appellant is entitled to benefits.
Appellant began working as a housekeeper for Remington Lodging & Hospitality, a hotel in Atlantic Beach, Florida, on October 29, 2009. As found by the appeals referee, on Thursday, March 22, after learning that her father in the Dominican Republic had had a stroke, appellant asked her manager, Katie Berkowski, for time off to go be with him, but was unable to say when she would return. Ms. Berkowski told appellant that the employer could not give her a leave of absence, “but I offered her FMLA [the Family Medical Leave Act].” On Saturday, March 24, appellant called to let Ms. Berkowski know she was in the Dominican Republic, explaining that her brother had bought her an airline ticket so she had just left without letting Ms. Berkowski know. Appellant’s father died about a week after she got there. When she went to pick up her paycheck the following week, Ms. Berkow-ski told appellant she had abandoned her position.
The appeals referee affirmed the initial determination denying benefits, concluding that appellant had quit her job for personal reasons not attributable to her employer. Appellant had essentially asked for an indefinite amount of time off for a family emergency, and the employer’s denial of such a request could not be considered unreasonable such that it would cause the average able-bodied qualified worker to quit. Moreover, appellant did not seek leave under the FMLA after being advised to. Accordingly, she quit without good cause attributable to the employer.
The Commission found no reason to disturb the referee’s conclusion. In response to appellant’s contention that she had been discharged and had not quit, the Commission concluded that even if appellant had been constructively discharged, the evidence showed that the discharge would have been for excessive absences without permission, which would amount to misconduct connected with work.
We review de novo the referee’s and the Commission’s application of law to the referee’s findings of fact. See Arbor Tree Mgmt., Inc. v. Unemployment Appeals Comm’n, 69 So.3d 376 (Fla. 1st DCA 2011). There is a longstanding body of case law that excuses an employee’s departure from work without the permission or against the wishes of the employer, when there is a bona fide “family emergency.” Under section 443.101(£ )(a)l, Florida Statutes (2012), an employee is disqualified from receiving benefits if he or she voluntarily left work without good cause attributable to the employing unit, or was discharged for misconduct connected with work. The term “good cause” includes “that cause attributable to the employing unit which would compel a reasonable employee to cease working or attributable to the individual’s illness or disability requiring separation from his or her work.” When there is evidence of a genuine family emergency, a claimant cannot be denied benefits because he or she either voluntarily quit or committed misconduct, because leaving work for such emergency constitutes good cause under the above provi *410 sion, rather than disregard of the employer’s interests. Under the facts of this case, appellant’s father’s stroke and death easily qualify as a family emergency under the case law, showing that she had good cause to leave work to go to him.[1] See Campbell v. Dep’t of Labor & Employment Security, 455 So.2d 569 (Fla. 1st DCA 1984); Langley v. Unemployment Appeals Comm’n, 444 So.2d 518 (Fla. 1st DCA 1984); Tucker v. Dep’t of Commerce, 866 So.2d 845 (Fla. 1st DCA 1979); Andres v. Unemployment Appeals Comm’n, 888 So.2d 119 (Fla. 4th DCA 2004); Hamilton v. Unemployment Appeals Comm’n, 880 So.2d 1284 (Fla. 2d DCA 2004); Lewis v. Lakeland Health Care Ctr., Inc., 685 So.2d 876 (Fla. 2d DCA 1996); Foote v. Unemployment Appeals Comm’n, 659 So.2d 1282 (Fla. 5th DCA 1995); Gadsden v. Unemployment Appeals Comm’n, 616 So.2d 1196 (Fla. 2d DCA 1993); Williams v. Unemployment Appeals Comm’n, 608 So.2d 572 (Fla. 5th DCA 1992); Dean v. Unemployment Appeals Comm’n, 598 So.2d 100 (Fla. 2d DCA 1992); Howlett v. S. Broward Hosp. Tax Dist., 451 So.2d 976 (Fla. 4th DCA 1984); Williams v. Florida Industrial Comm’n, 135 So.2d 435 (Fla. 3d DCA 1961).
In a case with facts similar to those at bar, Szniatkiewicz v. Unemployment Appeals Commission, 864 So.2d 498 (Fla. 4th DCA 2004), the Fourth District reversed the Commission’s decision to deny benefits because the claimant voluntarily quit his job to care for a family member, which the Commission concluded was not good cause attributable to the employer. The appeals referee found that the claimant’s father had suffered a massive heart attack and was in intensive care in Germany, and the claimant asked for approximately two weeks off, but the manager said that if the claimant left, he would not have a job when he got back. The claimant did go, and when he returned to Florida, he did not report to work because he believed he had been fired. The referee concluded that the claimant had neither quit nor engaged in misconduct, because he had left in response to a legitimate family emergency. The Commission reversed, concluding that the facts showed that “the claimant initiated the separation when he chose to leave work,” and that even though there was a family emergency, “the claimant did not take reasonable steps to preserve his employment prior to leaving,” because he “did not fill out a leave request form and ... did not speak with anyone above the shift manager regarding his request for time off.” Id. at 501. The Commission concluded that this constituted voluntarily leaving work without good cause attributable to the employer.
The Fourth District reversed, because the facts showed that the claimant did not quit and had no intention of doing so, but instead was told that he would not have a job if he left to go to his father. Moreover, responding to the family emergency did not constitute misconduct. The court concluded that the Commission had “ignored” the family-emergency exception, which showed incontrovertibly that the claimant “clearly had a valid reason to leave his employment and to travel overseas to tend to his ailing father.” Id. at 503.
Under the facts found by the appeals referee, appellant voluntarily left work because of a family emergency after the employer declined to give her time off without knowing a precise date when she would return. According to the case law cited above, leaving for appellant’s family emer *411 gency was encompassed by the statutory exception for good cause attributable to illness or disability, or, in the alternative, leaving because of the family emergency after the employer had refused permission constituted good cause attributable to the employer.
The referee’s conclusion that appellant quit in part because she did not seek leave under the FMLA does not change this result. There was no evidence that Ms. Berkowski explained the Act to appellant or that appellant understood it. The Act requires an employer to provide up to 12 weeks of unpaid leave to an eligible employee who needs to care for a parent with a serious health condition. If the employer believed appellant was eligible, as Ms. Berkowski testified, she should have responded to appellant’s request for leave by telling her that yes, she could take leave without pay under the Act.
Regarding the Commission’s conclusion that appellant’s trip to the Dominican Republic to see her father constituted “excessive absenteeism” justifying denial of benefits based upon misconduct, the Florida Supreme Court stated in Mason v. Load King Manufacturing Company, 758 So.2d 649 (Fla.2000), that in a case of misconduct by absenteeism, the employer must prove “a serious and identifiable pattern of excessive absenteeism or late arrivals,” which must be established by “more than one act.” Id. at 654. The court said: “It logically follows that the employee’s entire course of conduct must be considered, not just the acts immediately precipitating the employee’s discharge.” Id. There was no evidence in the ease at bar that claimant was absent for any days other than for those associated with this particular family emergency.
Because there was no basis for the denial of appellant’s request for reemployment benefits, we
REVERSE and REMAND for an award of benefits.
PADOVANO and MARSTILLER, JJ., concur.
MAKAR, J., dissents.

. The employer’s right to terminate appellant’s employment is not at issue, but only the denial of benefits.