SWANSON, J.
The claimant, Eva M. Alleyn, appeals the final order of the Reemployment Assistance Appeals Commission in which the Commission reversed the decision of the appeals referee and concluded the claimant was disqualified from the receipt of reemployment assistance benefits because she voluntarily quit her job without good cause attributable to her employer. We hold the Commission impermissibly substituted its findings for those of the appeals referee. Accordingly, we reverse the Commission’s final order.
A claimant who voluntarily leaves his or her employment is disqualified from receiving benefits unless he or she leaves work for “good cause” attributable to the employer. § 443.101(l)(a), Fla. Stat. (2014). The phrase “good cause” as it relates to the facts of the present case means “only that cause attributable to the employing unit which would compel a reasonable employee to cease' working[.]” § 443.101(l)(a)l., Fla. Stat. (2014). Once the employer demonstrates that the claimant voluntarily left employment, the burden is on the claimant to prove by a preponderance of the evidence that he or she left employment for good cause attributable to- the employer. See Uniweld Prod., Inc. v. Indus. Relations Comm’n, 277 So.2d 827, 829 (Fla. 4th DCA 1973); see also Borakove v. Fla. Unemployment Appeals Comm’n, 14 So.3d 249, 251 (Fla. 1st DCA 2009).
In this case, based on the testimony of the claimant and the employer’s witness, the appeals referee found:
The claimant was employed as a receptionist/scheduler for a medical practice from November 1, 2008, through April 18, 2014. Six weeks prior to the separation the claimant was informed that the medical practice was opening a new location five miles away with a new physician, and the claimant would soon be required to work one or two days a week in the new office. The claimant’s position would also be changing when she worked at the new office. On the days the claimant worked at the new office she would now be required to do secretarial work in addition to being a receptionist and scheduler. Part of her new duties would be to check patient paperwork, bill insurance and collect patient co-pays. The claimant expressed to her employer that she did not wish for her job duties to change and that she did not want to travel the extra miles to the new location. The employer ensured [sic] the claimant that they felt she was capable of these new duties, and worked on training her for six weeks on her new duties. After being trained the claimant again expressed to her employer that she felt these duties were too much for her and that she did not have any experience in these areas. The employer told the claimant that she did not have a choice in learning these new duties. The claimant submitted her resignation and worked her last day on April 18, 2014.
Based on these findings, the appeals referee arrived at the following findings of ultimate fact and her conclusion of law:
The claimant’s duties were changed and the claimant’s location would change up to two days a week. The claimant expressed her concerns about being inexperienced with her new tasks, and about not wanting to change her job duties and locations. Although the employer *1291 may have felt the claimant was capable of doing these new tasks after her training, the employer did ultimately change the terms under which the claimant was hired. The employer may have made a valid business decision in changing the location and responsibilities the claimant was responsible for, however the claimant was not hired to do these duties and this would be considered a change in the employee’s terms of hire. Therefore, the claimant quit with good cause attributable to the employer when the employer changed the terms of hire. Accordingly, the claimant is qualified for the receipt of benefits.
The Commission, in its final order, set forth the appeals referee’s findings of fact, but corrected her finding that the claimant was required to perform her new job duties every week to reflect, and correctly so, that she was required to perform her new job duties every other week. In addition, the Commission concluded the appeals referee’s decision was not based on competent, substantial evidence and was not in accord with the law. The Commission acknowledged the general rule that an employer’s unilateral and substantial change to an employee’s terms and conditions of employment may constitute good cause for the employee to quit. See, e.g., Ogle v. Fla. Unemployment Appeals Comm’n, 87 So.3d 1264 (Fla. 1st DCA 2012); Curras v. Fla. Unemployment Appeals Comm’n, 841 So.2d 673 (Fla. 3d DCA 2003); Tourte v. Oriole of Naples, Inc., 696 So.2d 1283 (Fla. 2d DCA 1997); Wilson v. Fla. Unemployment Appeals Comm’n, 604 So.2d 1274 (Fla. 4th DCA 1992). It pointed out, however, that an employer is nonetheless entitled to change an employee’s terms and conditions of employment, and considered the controlling issue to be whether the change in conditions imposed here was substantial enough to provide the claimant with good cause to leave. See Diaz v. Unemployment Appeals Comm’n, 31 So.3d 271 (Fla. 5th DCA 2010). In this regard, the Commission set forth its own findings based on additional testimony from the hearing:
[T]he record evidence reflects the claimant would be required to work at the new office one to two days every other week. Moreover, the record evidence reflects that the claimant would only have had to commute an additional five miles to the new office site. The Commission concludes that being required to work in an office five miles further, one to two days every other week, does not constitute a substantial change that would impel an average, able-bodied, worker to give up her employment.
... [T]he claimant was required to perform secretarial duties 'only during the days that she worked in the new office location. Secretarial duties are not completely outside the scope of the duties for which the claimant was hired to perform as a receptionist/scheduler. The employer’s witness testified that the claimant had performed secretarial duties in the past while working for the employer and was satisfactorily performing those duties while training for the new position. Moreover, the record reflects the claimant was required to perform secretarial duties in lieu of her receptionist/scheduler duties. Here, the proposed changes to the claimant’s duties, occurring one to two days every other week, is likewise not substantial enough to constitute good cause under the applicable law.
We review de novo whether the appeals referee and the Commission correctly applied the law. Ramirez v. Reemployment Assistance Appeals Comm’n, 135 So.3d 408, 409 (Fla. 1st DCA 2014); Arbor Tree Mgmt., Inc. v. Fla. Unemployment Appeals Comm’n, 69 So.3d 376, 381 (Fla. 1st DCA 2011). Furthermore, the *1292 Commission’s decision is entitled to a presumption of correctness. Id. “However, ‘[t]he [Commission] cannot reweigh the evidence and substitute its findings for those of the referee.’ ” Id. (quoting Szniatkiewicz v. Unemployment Appeals Comm’n, 864 So.2d 498, 502 (Fla. 4th DCA 2004)). As we observed in Howell & O’Neal v. Fla. Unemployment Appeals Comm’n, 934 So.2d 570 (Fla. 1st DCA 2006):
The appeals referee, as the trier of fact, is privileged to weigh and reject conflicting evidence, and the Commission cannot reweigh the evidence and substitute its findings for those of the referee. [Szniatkiewicz, 864 So.2d at] 502. Although the Commission may reject the referee’s conclusions of law without limitation, it may not modify the facts to reach a different legal conclusion, rely on facts that were not established at the hearing, or rely on a theory not advanced by one party or anticipated by the other. See id. This Court cannot make credibility determinations or substitute its judgment for that of the referee and must uphold the appeals referee’s decision where there is competent, substantial evidence to support it.
Id. at 575 (emphasis added).
Here, the appeals referee’s findings of fact were based on competent and substantial evidence, with the single (minor) exception noted above. In reversing the referee’s decision, the Commission clearly substituted its own, modified, findings and, in doing so, reweighed the evidence and made credibility determinations in order to reach a different legal conclusion. This it could not do under the law. Ogle, 87 So.3d at 1270. Consequently, we reverse the Commission’s final order. Because there is no basis in the record for the denial of the claimant’s request for reemployment benefits under the appeals referee’s decision, we remand for reestablishment of those benefits.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BILBREY, J., concur; ROWE, J., concurs in result.